**08 C 68**

**JUDGE KOCORAS**
**MAGISTRATE JUDGE DENLOW**

# Exhibit A

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT- LAW DIVISION**

| | | |
|---|---|---|
| KENNETH N. THOMPSON,<br>Plaintiff,<br><br>V. | ) | No. 2007 L 013378 |
| Christopher J. O'Bryant, Jason Crouch, Marlene Hammer , Suzanne McConnell, Diana P. Verdin ,GEMB LEDING, Inc f/k/a THOR CREDIT CORPORATION,, SHAMROCK RECOVERY SERVICES, INC., UNKNOWN TRANSPORTATION COMPANY, ADESA INDIANOPOLIS, INC, MORGAN RUSS, KATHY HOPKINS | ) | Amount: $57,611,64.00<br>plus cost |

Defendants.

**COMPLAINT**
**INJUNCTIVE AND OTHER RELIEF**

Now Comes the Plaintiff, KENNETH THOMPSON, Pro SE and complains against the defendants, Christopher J. O'Bryant, Jason Crouch, Marlene Hammer, Suzanne McConnell, Diana P. Verdin, GEMB LEDING F/K/A THOR CREDIT CORPORATION, SHAMROCK RECOVERY SERVICES, INC., UNKNOWN TRANSPORTATION COMPANY, ADESA INDIANOPOLIS, INC concerning the following legal and equitable matters:

1. Defendants, THOR CREDIT CORPORATION "THOR" is an Illinois corporation with its principle place of business at 3355 Michelson Drive. Suite 350, Irvine, CA with a registered agent at 208 South LaSalle Street, Suite 814, in the City of Chicago, County of Cook and the State of Illinois and Christopher J. O'Bryant, Jason Crouch, Marlene Hammer, Suzanne McConnell and Diana P. Verdin are employees and/or agents of THOR CREDIT CORPORATION which is a Subsidiary of GEMB Lending.
2. SHAMROCK RECOVERY SERVICE, INC "SHAMROCK" is an Illinois corporation with its principle place of business at 20649 Gaskin in the City of Lockport, County of Will and the State of Illinois with a registered agent at 1234 N. Cedar Road, New Lenox Illinois.

3. UNKNOWN transportation company operating as a vendor on behalf of THOR and/or SHAMROCK, location unknown, transported plantiffs Trailer from SHAMROCK to ADESA operating in the capacity of a transportation company.

4. ADESA Indianapolis, Inc "ADESA" is an Indiana corporation with its principle place of business at 2950 E Main Street, Plainfield, IN and Morgan Russ and Kathy Hopkins are employees and/or agents for ADESA Indianapolis, Inc.

5. On March 18, 2005 Plaintiff, Kenneth Thompson entered into a written, Retail Installment ("contract') with Abel RV Center, whereby plaintiff purchased a 2004 Paradise Point 36 foot trailer home manufactured by Crossroads with a gross weight of over 10, 0000 and registered in the State of Illinois with VIN 4VOTC36275AOO2110 ("The Vehicle"), Illinois plate number 423540RT

6. On or around March 18, 2005 and as part of the above described transaction, Abel RV Center sold, assigned and transferred to movant all its right, title and interest in and to the subject vehicle see exhibit 1.

7. On or around March 18, 2006, one year later, Defendant and it's agents repossessed the vehicle and accelerated the contract demanding payment in full of $23,973.89 see exhibit 2.

8. Plaintiff, KENNETH THOMPSON, requested Defendants [1]comply with Illinois redemption statue that allows a consumer to redeem their vehicle if 30% of the contract price had already been paid at time of repossession. During the three months subsequent to the date of repossession Defendant made several demands to reedmen his vehicle and Defendants refused to surrender Plaintiffs vehicle see exhibit 3-3.1.

---

[1] (815 ILCS 405/26) (from Ch. 121 1/2, par. 526)
If the buyer has paid an amount equal to 30% or more of the deferred payment price at the time of repossession, the buyer may, within 15 days, redeem the collateral from the holder…

9. On or around July 6, 2006 Plaintiff prepared a five (5) count lawsuit against defendant and faxed an unfiled copy to defendants legal department see exhibit 4. Defendant then notified Plaintiff and began negotiations to return Plaintiffs vehicle see exhibit 5.

10. On August 7, 2006 Plaintiff traveled to defendant's vendor, ADESA Indianapolis, Inc in Indianapolis, Indiana to retrieve his vehicle and tender the required sum of $1642.92. At which time Plaintiff was unable to remove his vehicle from defendants location because the vehicle had been subject to theft and removal of manufactured installed equipment see exhibit 6. Plaintiff then requested to speak to a manager and Defendants (Morgan Russ and Kathy Hopkins) examined the vehicle took notes of personal property and damage to the vehicle. Defendants then provided plaintiff with a location in the immediate area that would sell the necessary towing equipment so that plaintiff could secure his vehicle from further theft or damage see exhibit 7. Defendants then modified their inventory sheet stating " *We had no power to the unit and the only way we would have known this unit had TV's was if the slide outs were opened, now that you have opened them we see the surround speakers are missing and we see one TV Left...* ".

11. Plaintiff has had verbal and [2]written communication via, phone, fax and [3]email to and from defendants agents and or employees (Christopher J. O'Bryant, Jason Crouch, Marlene Hammer and Suzanne McConnell) during a period starting August 7, 2006 until September 5, 2007 in efforts to resolve the damage and theft that resulted from the repossession of March 18, 2005 see exhibits 8a though 8h.

12. On March 8, 2007 Defendants agent Diana P. Verdin mailed plaintiff a communication that stated *"This is an attempt to collect a debt."* And *"We have told a credit bureau about a late payment, missed payment..."* (see exhibit 9) Defendants knew or should have known that Plaintiff had a pending dispute with the alleged amount of the debt due and that Defendants agent Marlene Hammer was resolving the dispute.

---

[2] Exhibit 8c= A letter faxed From Attorney Robert Sharp on 10/25/2006 to Jason Crouch of GE at 4.13pm central standard time.

[3] Exhibit 8e= Defendant emailed plaintiff on 02/07/07 at 12.04 pm stating *"Hi Ken: I am working on your account.. Can you please send me via email your correspondence and the bill you have to replace the stolen parts?"*

13. On or around June 4, 2007 Defendants agents attempted to repossess plaintiffs vehicle and that a repossession agent arrived at and plaintiffs home and engaged in efforts to repossess plaintiffs vehicle. Plaintiff provided defendants agent with proof of a plaintiffs bankruptcy filing and defendant's agent verified the information and exited plaintiff's property 45 minutes later.

14. On or Around September 7, 2007 Rendered Services, Inc illegally towed Plaintiffs vehicle and Plaintiff immediately their after retained Legal representation (Attorney, Peter Bender) and filed a cause of action (2007 L 012408) against Rendered Services, Inc see exhibit 10.

15. On November 2, 2007 Plaintiff provided defendants Attorney, Kenneth B. Drost with proof of full coverage insurance and a copy of the filed lawsuit against Rendered Services, Thereafter defendant wrongfully repossessed Plaintiffs vehicle and refused to communicate with Plaintiff and or his Attorneys.

**COUNT I – CONVERSION**

Plaintiff, KENNETH THOMPSON restates and realleges paragraphs 1 through 15 of his common allegations as paragraphs 16 through 20 of Count I.

16. The defendant/"THOR" by its actions exercised and continues to exercise unauthorized control over plantiff's vehicle:
17. Defendant/"THOR" filed a proof of claim in Plaintiffs Bankruptcy on October 31, 2007 for an arrearage amount of $2539.90 (see exhibit 11) even though defendant were [4]aware that Plaintiff had spent over $6000.00 dollars to repair the vehicle as a result of the negligence and theft caused and committed by defendants agents.
18. Defendant/"THOR" exercised an unauthorized assumption of control over plaintiff's vehicle, even though plaintiff had an absolute right to the property at all relevant times,

[4] On three (3) separate occasions defendants requested a copy of the bill from Plaintiff. Plaintiff confirmed with defendants they the received the copies of the bill via facsimile on February 20, 2007 at 11.56am, February 27, 2007 at 11.19am and August 10, 2007 at 12.38pm see exhibits 8e, 8e.1, 8e.2 , 8f and 8g

had a right to immediate possession, and had made a demand for the return of his property (see exhibit 8h).

19. By seizing plaintiff's vehicle without authority, it converted plaintiff's vehicle to its own use.
20. By refusing to relinquish the vehicle, when it had no authority to seize the vehicle in the first place, it committed the tort of conversion.

Wherefore, plaintiff prays this court grant him the following relief:

A. Order defendant/"THOR" to immediately and unconditionally return the vehicle into Plaintiffs possession.
B. Grant Damages to Plaintiff for the loss and use of the Vehicle and for any necessary repairs including failure to winterize the vehicle.
C. Grant Punitive Damages to Plaintiff for the unlawful taking of the vehicle and to deter defendant from engaging in this conduct in the future in an amount of $50,000.00
D. Grant Plaintiff compensation for his expenses and cost to pursue this action.

**COUNT II – NEGLIGENCE**

Plaintiff, KENNETH THOMPSON restates and realleges paragraphs 1 through 20 of his allegations as paragraphs 1 through 20 of Count II.

21. There was in full force and effect, at all relevant times 765 ILCS 1015/3) sec 3, which provides:
    a. "In the case of loss or damage of a bailor's property while in such a bailee's possession or control and the bailee has represented to the bailor that he would be indemnified for loss in such case, and no statement has been furnished to the bailor as required by section 1 hereof, the bailee shall be liable to a penalty of..."

22. DEFENDANTS/S "THOR", "SHAMROCK", "UNKNOWN TRANSPORTATION" and "ADESA" During the repossession of March 2006 the bailment was for the benefit of the bailee and the bailor, the bailee owed the Plantiff/Bailor a duty of reasonable and ordinary care. The Defendant/bailee breached his duty to Plantiff/Bailor. The defendant had a duty of particular standard of care and the defendant breeched this duty causing Plantiff/Bailor to suffer damages in excess of $6611.00.

Wherefore, plaintiff prays this court grant him the following relief:

E. Order defendant/s THOR", "SHAMROCK", "UNKNOWN TRANSPORTATION" and "ADESA" to immediately and unconditionally return the vehicle into Plaintiffs possession.

F. Grant Damages to Plaintiff for the loss and use of the Vehicle and for any necessary repairs including failure to winterize the vehicle.

G. Grant Punitive Damages to Plaintiff for the unlawful taking of the vehicle and to deter defendant from engaging in this conduct in the future in an amount of $50,000.00

H. Grant Plaintiff compensation for his expenses and cost to pursue this action.

**COUNT III – THEFT**

Plaintiff, KENNETH THOMPSON restates and realleges paragraphs 1 through 22 of his allegations as paragraphs 23 through 25 of Count III.

23. There was in full force and effect, at all relevant times 720 ILCS 5/16-1(a) (1), which provides:

(a) A person commits theft when he knowingly (1) obtains or exerts unauthorized control over property of the owner;

(b) (5) Theft of property exceeding $10,000.00 and not exceeding $100,000.00 in value is a Class 2 felony.

(c) By seizing plaintiff's vehicle without authority, defendant committed theft, a Class 2 felony.

24. Defendant/s "THOR", "SHAMROCK", "UNKNOWN TRANSPORTATION" and "ADESA" and it's agents committed theft when they repossessed plaintiffs vehicle and removed personal property and manufactured installed equipment from Plaintiffs trailer home and has refused to return Plaintiffs personal property or compensate him for the value ($6611.64) of such.

25. That Plaintiffs vehicle has resale value in excess of $10,000.00 and by taking plaintiff's vehicle without authority the defendant by it's agents has committed theft and Class 2 felony

Wherefore, plaintiff prays this court grant him the following relief:

I. Order defendant "THOR", "SHAMROCK", "UNKNOWN TRANSPORTATION" and "ADESA" to immediately and unconditionally return the vehicle into Plaintiff's possession.

J. Grant Damages to Plaintiff for the loss and use of the Vehicle and for any necessary repairs including failure to winterize the vehicle.

K. Grant damages totaling $6611.64 for the repairs and replacement of personal property.

L. Grant Punitive Damages to Plaintiff for the unlawful taking of the vehicle and to deter defendant from engaging in this conduct in the future in an amount of $50,000.00.

M. Grant Plaintiff compensation for his expenses and cost to pursue this action.

## COUNT IV- VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)15 U. S. C § 1692

Plaintiff, KENNETH THOMPSON restates and realleges paragraphs 1 through 25 of his allegations as paragraphs 26 through 29 of Count IV.

26. There was in full force and effect, at all relevant times Defendants and defendants agents were governed by the Fair Debt Collection Practices Act (15 U. S. C 1692e) 807. False and Misleading representations (8).

   a. *(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a debt is disputed.*

27. On March 8, 2007 Defendant "THOR" agent Diana P. Verdin mailed plaintiff a communication that stated *"This is an attempt to collect a debt."* And *"We have told a credit bureau about a late payment, missed payment…"* (see exhibit 9) Defendant knew or should have known that Plaintiff had a pending dispute with the alleged debt and amount due and that Defendants agent Marlene Hammer was resolving the dispute.

28. There was in full force and effect, at all relevant times Defendants and defendants agents were governed by the Fair Debt Collection Practices Act 808 Unfair Practices (15 U. S. C 1692e) (6)

   *(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if-*

29. During the pendency of Plaintiffs active Bankruptcy (06B16071) Defendant "THOR" and "SHAMROCK" agents attempted to take action that defendant knew or should have known was not legally allowed, to wit On or around June 4, 2007 defendants agents attempted to repossess plaintiffs vehicle with out legal authorization form a Bankruptcy Judge.

Wherefore, plaintiff prays this court grant him the following relief:

N. Order defendant "THOR" and "SHAMROCK" to immediately and unconditionally return the vehicle into Plaintiffs possession.

O. Grant Damages to Plaintiff for the loss and use of the Vehicle and for any necessary repairs including failure to winterize the vehicle.

P. Grant Statutory damages as allowed by law ($1000.00 per lawsuit).

Q. Grant Punitive Damages to Plaintiff for the unlawful taking of the vehicle and to deter defendant from engaging in this conduct in the future in an amount of $50,000.00

R. Grant Plaintiff compensation for his expenses and cost to pursue this action.

**COUNT V. VIOLATION OF (815 ILCS 405/) Retail Installment Sales Act.**

Plaintiff, KENNETH THOMPSON restates and realleges paragraphs 1 through 29 of his allegations as paragraphs 30 through 32 of Count V.

30. There was in full force and effect, at all relevant times Defendants and defendants agents were governed by 815 ILCS 405 Retail Installment Sales Act.

31. Agreement requirements. (815 ILCS 405/25)

> (b) The seller under a holder of a retail charge agreement must promptly supply the buyer under the agreement, as of the end of each monthly period (which need not be a calendar month) or other regular period agreed upon by the seller and the buyer in which there is any unpaid balance under that agreement, a statement reciting the following terms (although not necessarily in the sequence stated):
>
> (1) the unpaid balance under the retail charge agreement at the beginning and end of the period;

32. Defendant "THOR" have failed to provide plaintiff with a monthly statement outlining balance due and/or any alleged past due payments in past (August 1, 2006 to September 30, 2007) 13 months subsequent to this complaint.

Wherefore, plaintiff prays this court grant him the following relief:

S. Order defendant "THOR" to immediately and unconditionally return the vehicle into Plaintiffs possession.

T. Grant Damages to Plaintiff for the loss and use of the Vehicle and for any necessary repairs including failure to winterize the vehicle.

U, Grant Punitive Damages to Plaintiff for the unlawful taking of the vehicle and to deter defendant from engaging in this conduct in the future in an amount of $50,000.00 .

V. Grant Plaintiff compensation for his expenses and cost to pursue this action.

Kenneth N. Thompson, Pro SE

Kenneth Thompson, Pro SE
6644 Maple Court
Monee, IL 60449
708-746-5162 ph
708-746-5163 fax

## VERIFICATION BY CERTIFICATION

Upon penalties as provided by law pursuant to Section 1-109 of the code of civil procedure, the undersigns certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters therein stated To be on information and belief, the undersigns certifies as aforesaid that he verify believes the same to be true.

Date: 11/28/07

Kenneth N. Thompson, Pro SE
Plaintiff

STATE OF ILLINOIS)
) SS
COUNTY OF COOK )

Subscribed and sworn to be me on this 28th day of November 2007

Notary Public

Notary Seal: OFFICIAL SEAL ROBERT SHARP, JR. NOTARY PUBLIC STATE OF ILLINOIS MY COMMISSION EXPIRES JULY 5, 2011

PLAINTIFF'S EXHIBIT 1

## ADDITIONAL TERMS OF THIS CONTRACT AND SECURITY AGREEMENT

**GENERAL TERMS:** You have been given the opportunity to purchase the Vehicle and described services for the Cash Price or the Total Sale Price. The Total Sale Price is the total price of the Vehicle and any services if you buy them over time. You agreed to purchase the items over time. The Total Sale Price shown in the TRUTH IN LENDING DISCLOSURES assumes that all payments will be made as scheduled. The actual amount you will pay may be more or less depending on your payment record.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that is contrary to this provision, we will, instead, apply it first to reduce the principal balance, and when the principal has been paid in full, refund it to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract.

**PREPAYMENT:** You may prepay this Contract in full or in part at any time. Any partial prepayment will not excuse you to default in the future. You agree to pay a $25.00 acquisition fee if you prepay in full.

A refund of any prepaid, unearned insurance premiums may be obtained from us or from the insurance company named in your policy or certificate of insurance.

**SECURITY:** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle, together called Property, and proceeds of the Property. Our interest will not extend to consumer goods unless you acquire rights in them within 10 days after we enter into this Contract, or they are installed in or affixed to the Vehicle. We may insert the identifying number or marks of the Property and the due date of the first installment if the Property is delivered after you sign this Contract. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**OWNERSHIP AND DUTIES TOWARD PROPERTY:** By giving us a security interest in the Property, you represent and agree to the following:

A. You will defend our interests in the Property against claims made by anyone else. You will do whatever is necessary to keep our claim to the Property ahead of the claim of anyone else.

B. The security interest you are giving us in the Property comes ahead of the claim of any other of your general or secured creditors. You agree to sign any additional documents or provide us with any additional information we may require to keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.

C. You will keep the Property in your possession in good condition and repair. You will use the Property for its intended and lawful purposes. Unless otherwise agreed in writing, the Property will be located at your address listed on page 1 of this Contract.

D. You will not attempt to sell the Property (unless it is properly identified inventory) or otherwise transfer any rights in the Property to anyone else, without our prior written consent.

E. You will pay all taxes and assessments on the Property as they become due.

F. You will notify us of any loss or damage to the Property. You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace. You will allow us to retain a copy of the keys to the Property.

**DEFAULT:** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

A. You fail to perform any obligation that you have undertaken in this Contract.

B. We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including, without limitation, court costs and reasonable attorneys' fees as permitted by a court of law, that we incur to collect or enforce this Contract, and fees for repossession, repair, storage and sale of the Property securing this Contract.

If an event of default occurs as to any one of you, we may exercise our remedies against any or all of you.

**REMEDIES:** If you are in default on this Contract, subject to any right to cure that you may exercise, we have all of the remedies provided by law and this Contract:

A. We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.

B. We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. Any amount we pay will be added to the amount you owe us and will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.

C. We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.

D. We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises. We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward your obligations.

E. Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not waive our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that, subject to your right to recover such property, we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above.

**INSURANCE:** You agree to buy property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the PROPERTY INSURANCE section, or as we will otherwise require. You will name us as loss payee on any such policy. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. You will keep the insurance in full force and effect until this Contract is paid in full.

**COLLATERAL PROTECTION INSURANCE NOTICE:** Unless you provide us with evidence of the insurance coverage required by your agreement with us, we may purchase insurance at your expense to protect our interests in your collateral. This insurance may, but need not, protect your interests. The coverage that we purchase may not pay any claim that you make or any claim that is made against you in connection with the collateral. You may later cancel any insurance purchased by us but only after providing us with evidence that you have obtained insurance as required by our agreement. If we purchase insurance for the collateral, you will be responsible for the premiums for that insurance, including interest and any other charges we may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The premiums may be added to your total outstanding balance or obligation. The premiums may be more than the premiums for insurance you may be able to obtain on your own.

**OBLIGATIONS INDEPENDENT:** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

A. You must pay this Contract even if someone else has also signed it.

B. We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.

C. We may release any security and you will still be obligated to pay this Contract.

D. If we give up any of our rights, it will not affect your duty to pay this Contract.

E. If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**WARRANTY:** Warranty information is provided to you separately.

**WAIVER: To the extent permitted by law, you agree to give up your rights to require us to do certain things. We are not required to: (1) demand payment of amounts due; (2) give notice that amounts due have not been paid, or have not been paid in the appropriate amount, time or manner; or, (3) give notice that we intend to make, or are making, this Contract immediately due, subject to the limitations described in the REMEDIES section.**

### THIRD PARTY AGREEMENT

By signing below you agree to give us a security interest in the Property described in the SALE section. You also agree to the terms of this Contract, including the WAIVER section above, except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend, change this Contract, or release any party or property without releasing you from this Contract. We may take these steps without notice or demand upon you.

**You acknowledge receipt of a completed copy of this Contract.**

Signature ____________________ Date

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**IF YOU ARE BUYING A USED VEHICLE, THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

DOCUMENTARY FEE. A DOCUMENTARY FEE IS NOT AN OFFICIAL FEE. A DOCUMENTARY FEE IS NOT REQUIRED BY LAW, BUT MAY BE CHARGED TO BUYERS FOR HANDLING DOCUMENTS AND PERFORMING SERVICES RELATED TO CLOSING OF A SALE. THE BASE DOCUMENTARY FEE BEGINNING JANUARY 1, 1992, WAS $40. THE MAXIMUM AMOUNT THAT MAY BE CHARGED FOR A DOCUMENTARY FEE IS THE BASE DOCUMENTARY FEE OF $40 WHICH SHALL BE SUBJECT TO AN ANNUAL RATE ADJUSTMENT EQUAL TO THE PERCENTAGE OF CHANGE IN THE BUREAU OF LABOR STATISTICS CONSUMER PRICE INDEX. THIS NOTICE IS REQUIRED BY LAW.

**NOTICE OF POSSIBLE REFUND OF CREDIT LIFE OR DISABILITY INSURANCE PREMIUM. (1) IF YOU HAVE PURCHASED EITHER CREDIT LIFE OR CREDIT DISABILITY INSURANCE, OR BOTH, TO GUARANTEE PAYMENTS BEING MADE IN CASE OF YOUR DEATH OR DISABILITY, ON YOUR VEHICLE PURCHASED UNDER AN INSTALLMENT SALES CONTRACT, YOU MAY BE ENTITLED TO A PARTIAL REFUND OF YOUR PREMIUM IF YOU PAY OFF YOUR INSTALLMENT LOAN EARLY. (2) IN CASE OF EARLY COMPLETE PAYMENT OF YOUR LOAN, YOU SHOULD CONTACT THE SELLER OF YOUR CREDIT LIFE OR CREDIT DISABILITY INSURANCE TO SEE IF A REFUND IS DUE. IF YOUR VEHICLE DEALER FINANCED YOUR LOAN, THE SELLER OF YOUR CREDIT LIFE OR CREDIT DISABILITY INSURANCE IS YOUR VEHICLE DEALER.**

### ASSIGNMENT BY SELLER

Seller sells and assigns this Retail Installment Contract and Security Agreement, (Contract), to the Assignee, its successors and assigns, including all its rights, title and interest in this Contract, and any guarantee executed in connection with this Contract. Seller gives Assignee full power, either in its own name or in Seller's name, to take all legal or other actions which Seller could have taken under this Contract. (SEPARATE AGREEMENT: If this Assignment is made "under the terms of a separate agreement" as indicated on page 1, the terms of this assignment are described in a separate writing(s) and not as provided below.)

Seller warrants:

A. This Contract represents a sale by Seller to Buyer on a time price basis and not on a cash basis.
B. The statements contained in this Contract are true and correct.
C. The down payment was made by the Buyer in the manner stated on page 1 of this Contract and, except for the application of any manufacturer's rebate, no part of the down payment was loaned or paid to the Buyer by Seller or Seller's representatives.
D. This sale was completed in accordance with all applicable federal and state laws and regulations.
E. This Contract is valid and enforceable in accordance with its terms.
F. The names and signatures on this Contract are not forged, fictitious or assumed, and are true and correct.
G. This Contract is vested in the Seller free of all liens, is not subject to any claims or defenses of the Buyer, and may be sold or assigned by the Seller.
H. A completely filled-in copy of this Contract was delivered to the Buyer at the time of execution.
I. The Goods have been delivered to the Buyer in good condition and have been accepted by Buyer.
J. Seller has or will perfect a security interest in the Property in favor of the Assignee.

If any of these warranties is breached or untrue, Seller will, upon Assignee's demand, purchase this Contract from Assignee. The purchase shall be in cash in the amount of the unpaid balance (including finance charges) plus the costs and expenses of Assignee, including attorneys' fees.

Seller will indemnify Assignee for any loss sustained by it because of judicial set-off or as the result of a recovery made against Assignee as a result of a claim or defense Buyer has against Seller.

Seller waives notice of the acceptance of this Assignment, notice of non-payment or non-performance and notice of any other remedies available to Assignee.

Assignee may, without notice to Seller, and without affecting the liability of Seller under this Assignment, compound or release any rights against, and grant extensions of time for payment to be made, to Buyer and any other person obligated under this Contract.

UNLESS OTHERWISE INDICATED ON PAGE 1, THIS ASSIGNMENT IS WITHOUT RECOURSE.

WITH RECOURSE: If this Assignment is made "with recourse" as indicated on page 1, Assignee takes this Assignment with certain rights of recourse against Seller. Seller agrees that if the Buyer defaults on any obligation of payment or performance under this Contract, Seller will, upon demand, repurchase this Contract for the amount of the unpaid balance, including finance charges, due at that time.

Experts™ © 1985, 1996 Bankers Systems, Inc., St. Cloud, MN Form RS-SI-MV-IL 10/16/2002

Exhibit 2

Demand For Payment in Full

PLAINTIFF'S EXHIBIT 3

Kenneth N. Thompson
6644 Maple Ct
Monee, IL 60449
708-646-3443

May 8, 2006

Hector Del Aguila & Susan McConnell
Thor Credit
3355 Michelson Dr.
Irving, CA 92612

Via Fax: 949-224-7614
949-892-4104
Certified Mail: 0303 3430 0001 1695 4794

Re: 3rd request to redeem my property that I have a security interest in of over 30%. For Cross Roads Paradise Point 4VTC36275A002110 travel Trailer.

Dear Hector,

The following is my defense that warrants you allow me to reedmen my property by paying the past due amount:

**AFFIDAVIT OF DEFENSE**

1) My security interest exceeds 30% of the total purchase price.
   a. Down payment $9000.00
   b. My Payments to Date $2535.90
   c. [1]Dealer upgrades $4000.00
2) Thor failed to notify me with in three days of repossession of opportunity to redeem property and reinstate contract by paying past due amount, late fees and repossession fees.
3) Thor historically accepted late payments and accepted payments **after** the Travel Trailer was reposed
4) Thor's contact information on its 03/28/06 letter for phone and fax was not operable and prevented timely communication
5) Unreturned personal property in the Trailer valued at [2]$3000.00 has not been surrendered to me after demands were made.

Upon penalties and perjury I affirm that the above statements are true to the best of my knowledge.

Kenneth Thompson

Subscribed and sworn to be me on this ___________ day of May 2006

______________________________
Notary Public

[1] 1 external generator, 2 inverters/s, 2 additional home theater systems
[2] 1 19.4 volt Makita tool set & tool box w/ tools, 1 pair of new Air force shoes, 1 Mavodo watch, ring and bracelet

PLAINTIFF'S EXHIBIT 3.1

Kenneth N. Thompson
6644 Maple Ct
Chicago, IL 60449
773-957-5508

May 4, 2006

Hector Del Aguila & Susan McConnell
Thor Credit
3355 Michelson Dr.
Irving, CA 92612

Via Fax: 949-224-7614
949-892-4104

Re: Cross Roads Paradise Point 4vtc36275a002110 travel Trailer.

Dear Hector,

My sister and I have both tried to redeem my property that was delinquent for 3 payments of $669.31. All of your verbal and written communication/s demanded that we pay the entire loan off in order to redeem our property. Please take not that under Illinois Law I should have been given an option to redeem my property because I had already paid [1]over 30% of the purchase amount on the property.

**I am still prepared to redeem my property and I am requesting that you comply with Illinois law.**

Thank you in advance for your assistance in this matter.

Sincerely,

Kenneth Thompson

Attorney , Harvey Wright

---

[1] $9000.00 down payment and nine (9) payments $2539.9 which totals $11539.9

Exhibit 4

UNFiled
complaint
oF
7/1/06

PLAINTIFF'S EXHIBIT 5

MESSAGE CENTER
INBOX (88)
Draft
Screened Mail
SentMail
Trash [EMPTY]
My Folders[EDIT]
Address Book
Mailbox Manager
Preferences
Help
Sign Out

$799 Dell Notebook CLICK FOR DETAILS

Switch your email info to Comcast for free. USE EASYCHANGE

INBOX: Email 187 of 191 Move to Folder « Previous

**From:** "McConnell, Suzanne (GE Consumer Finance)" <Suzanne.McConnell@ge.com> [ADD TO ADDRESS BOOK]
**To:** <kenthompson01@comcast.net>
**Cc:** <kathy.hopkins@adesa.com>, "Morgan, Russ (Indianapolis)" <Russ.Morgan@adesa.com>
**Subject:** vehicle release
**Date:** Wednesday, July 26, 2006 4:04:16 PM

Hi. Can you please release the unit belonging to Kenneth Thompson, last six o 002110, 2005 Crossroads Paradise FW after collecting $1,642.92 by means of check. He is bringing his loan current and redeeming his collateral. He will be i with you directly to make arrangements for pick up. Please send the cashiers c that amount via fed-ex to my attention along with a bill including any and all fee have accumulated up to the day of release and they will be paid by us. Please questions to my attention. Thank you.

Suzanne McConnell

Jason

GEMB Lending

3355 MICHELSON DR., 2ND FL

IRVINE, CA 92612

Toll Free: 877-440-6042 ex 4833

Direct dial: 949-892-4833

Fax: 949-892-4104

email: suzanne.mcconnell@ge.com

INBOX: Email 187 of 191 Move to Folder « Previous

comcast.

© 2006 Comcast Cable Communications, Inc.
Privacy Statement Terms of Service

EXHIBIT 6

Kenneth Thompson
5644 Maple Court ,
Monee, IL 60449

CROSS ROADS , PARADISE POINT VIN: 4VOTC36275A002110

| | Items Stolen from Paradise Point Trailer Home | Labor | Price | Repaired or Replaced | Not Repaired or Replaced | Sub Total by Item | Total |
|---|---|---|---|---|---|---|---|
| 1 | Surround Speakers (Factory installed) | $ 142.50 | $ 159.99 | yes | | $ 302.49 | |
| 2 | All tow equipment, Sway Bar etc 15, 500 pounds (factory installed) | $ 95.00 | $ 425.77 | yes | | $ 520.77 | |
| | Reweld Bracket | $ 475.00 | $ 125.00 | yes | | $ 600.00 | |
| 3 | Awning Rod (Factory Installed) | | $ 9.99 | | no | $ 9.99 | |
| 4 | Master Suite TV DVD Combo | $ 142.50 | $ 384.99 | | no | $ 527.49 | |
| 5 | Master suite inverter | $ 285.00 | $ 349.99 | yes | | $ 634.99 | |
| 6 | 2nd Bed room TV DVD combo | $ 142.50 | $ 384.99 | yes | | $ 527.49 | |
| 7 | 2nd Bedroom inverter | $ 285.00 | $ 174.99 | yes | | $ 459.99 | |
| 8 | All Linen except master suit | | $ 350.00 | | no | $ 350.00 | |
| 9 | 3 fishing poles of 8 & Tackle box (only five poles returned) | | $ 200.00 | | no | $ 200.00 | |
| 10 | 2 Auxliary Propane Tanks | | $ 85.00 | | no | $ 85.00 | |
| 11 | 4 sleeping Bags | | $ 250.00 | | no | $ 250.00 | |
| 12 | 4 camping Lanterns | | $ 75.00 | | no | $ 75.00 | |
| 13 | One Portable Gas Grill | | $ 35.00 | | no | $ 35.00 | |
| 14 | All Dishes, Silver ware pots & Pans | | $ 35.00 | | no | $ 35.00 | |
| 15 | 1 Milwaukee 19.2 battery tool set | | $ 299.00 | | no | $ 299.00 | |
| 16 | One tool Box with misc tools | | $ 200.00 | | no | $ 200.00 | |
| 17 | two camping Chairs of 8 (six chairs returned) | | $ 25.00 | | no | $ 25.00 | |
| 18 | Two suits and one pair of shoes | | $ 400.00 | | no | $ 400.00 | |
| 19 | Metal Cover | $ 59.99 | | yes | | $ 59.99 | |
| 20 | Lock & Chain | $ 80.00 | | yes | | $ 80.00 | |
| 21 | Glass Door | $ 237.50 | $ 146.94 | yes | | $ 384.44 | |
| 22 | Damage Acknowledged by Adessa Auctioneers | $ 550.00 | | | no | $ 550.00 | |
| Sub Total | | $ 2,494.99 | $ 4,116.65 | | | | $ 6,611.64 |

Terry RV replaced items that show Labor cost

PLAINTIFF'S EXHIBIT 7

**TSC TRACTOR SUPPLY CO**
129 North Perry Road
Plainfield,IN 46168
(317) 839-4792

276 281000164 2 1196018
08/07/2006 07:00pm

| | | |
|---|---|---|
| 3899856 WRENCH 3/4IN COMBO | | |
| 1.00 @ | 2.11 | 2.11 |
| 3967976 WRENCH 14IN PIPE | | |
| 1.00 @ | 6.98 | 6.98 |
| Subtotal | | 9.09 |
| 6.00% Tax | | 0.55 |
| Total | | 9.64 |
| Cash | | 10.00 |
| Change | | 0.36 |
| Cash Back | | |

Have a Nice Day!!!
Thanks for shopping Tractor Supply Co.
**********************************
Visit us at www.myTSCstore.com

**TSC TRACTOR SUPPLY CO**
129 North Perry Road
Plainfield,IN 46168
(317) 839-4792

276 281000164 2 1196028
08/07/2006 07:20pm

| | | |
|---|---|---|
| 3800378 WRENCH COMBO 9/16IN | | |
| 1.00 @ | 3.99 | 3.99 |
| Subtotal | | 3.99 |
| 6.00% Tax | | 0.24 |
| Total | | 4.23 |
| Cash | | 5.00 |
| Change | | 0.77 |
| Cash Back | | |

Have a Nice Day!!!
Thanks for shopping Tractor Supply Co
**********************************
Visit us at www.myTSCstore.com

**TSC TRACTOR SUPPLY CO**
129 North Perry Road
Plainfield,IN 46168
(317) 839-4792

276 281000164 2 1195944
08/07/2006 05:04pm

| | | |
|---|---|---|
| 7721649 CANDY CHOCOLATE PEAN | | |
| 1.00 @ | 2.99 | 2.99 |
| 1690490 WEIGHT DIST HITCH 10 | | |
| 1.00 @ | 299.98 | 299.98 |
| Subtotal | | 302.97 |
| 6.00% Tax | | 18.18 |
| | | 321.15 |

**TSC TRACTOR SUPPLY CO**
129 North Perry Road
Plainfield,IN 46168
(317) 839-4792

276 281000164 2 1195977
08/07/2006 05:48pm

| | | |
|---|---|---|
| 0188939 BALL 5TH WH 2 5/16IN | | |
| 1.00 @ | 21.88 | 21.88 |
| 7744037 SODA CLASSIC COKE | | |
| 1.00 @ | 1.29 | 1.29 |
| Subtotal | | 23.17 |
| 6.00% Tax | | 1.39 |
| Total | | 24.56 |

Exhibit PLAINTIFF'S EXHIBIT 8A

B Mail FAX
949-892-4104

Kenneth Thompson
6644 maple Ct
Monee, IL 60449
708-256-8731

September 30, 2006

Jason or Suzanne McConnell
GEMB Lending
3355 Michelson Dr. 2nd Fl
Irvine, Ca 92612

VIA Fax 949-892-4104

Re: CrossRoads Paradise Point theft and damage to Trailer during repossession/storage

Dear Suzanne and Jason,

Jason, our last conversation a week ago concluded in the following manner:

1) We were attempting to settle this matter by me getting estimates of the theft and damage to the Trailer and forwarding that to GEMB for further resolution

2) You would fax me a copy of the unfilled/stamped complaint that I fax to your legal department some time ago.

Please contact me with a status update additionally I do not have your last name, fax number and address. Also, I have not received the fax that you indicated you would send me at 312-419-1711as we discussed

Sincerely,

Kenneth Thompson

thor status update request

Exhibit

PLAINTIFF'S EXHIBIT 8b

hp LaserJet 3015

invent

Legal Remedies
3125191711
Oct-2-2006 12:09PM

## Fax Call Report

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|---|
| 986 | 10/ 2/2006 | 12:08:52PM | Send | 19498924104 | 0:50 | 2 | OK |

LEGAL REMEDIES CHARTERED
"A SERVICE OF ATTORNEY JAMES L. HARDEMON"
8527 S. STONY ISLAND
CHICAGO, ILLINOIS 60617 TEL [illegible]
FAX [illegible]

**FACSIMILE TRANSMITTAL SHEET**

| | |
|---|---|
| TO: JASON or Suzanne | FROM: K. Thompson |
| COMPANY: GEMB | DATE: 10/2/06 |
| FAX NUMBER: 949-892-4104 | TOTAL NO. OF PAGES INCLUDING COVER: 2 |
| PHONE NUMBER: 949-892-4833 | SENDER'S REFERENCE NUMBER: |
| RE: Pardise Point | YOUR REFERENCE NUMBER: |

☐ URGENT ☒ FOR REVIEW ☐ PLEASE COMMENT ☐ PLEASE REPLY ☐ PLEASE RECYCLE

NOTES/COMMENTS:

NOTE: PLEASE CALL IF YOU DID NOT RECEIVE ALL OF THE TRANSMITTAL PAGES.

I Need yool FAK Nomber

IMPORTANT:
This message is intended only for the use of the individual or entity to which it is addressed and may contain information, which is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication

8527 S. STONY ISLAND, CHICAGO, IL 60617
PHONE:(312)[illegible] FAX:(312)[illegible]

Ex PLAINTIFF'S EXHIBIT 8C

The Law Offices of Robert Sharp & Associates
120 W. Madison Street, Ste. 505
Chicago, Illinois 60602
Tel: 312/920-1745 . Fax: 312/920-1749

October 25, 2006

Jason Crouch
Senior Collections Manager
GEMB Lending
3355 Michelson, 2nd flr.
Irvine, California 96212

**VIA FIRST CLASS DELIVERY & FACSIMILE TO: 949-892-4118.**

**Re:** Kenneth Thompson/Crossroads Paradise Point Travel Trailer Home.

Dear Mr. Crouch,

Please be advised, that I have been retained by Kenneth Thompson to represent him in settlement negotiations regarding the above referenced matter. It is my understanding that Mr. Thompson forwarded paper work to your attention pertaining to his claim. However, all paper work regarding that claim were inside of Mr. Thompson's brief case which was stolen in a recent car theft.

In order to obtain some meaningful understanding of Mr. Thompson's claim, I am in need of those documents. Therefore, I respectfully request that you forward to my attention all documentation previously submitted by Mr. Thompson to your office.

Your assistance in this matter is greatly appreciated. Should you have any questions or concerns, please do not hesitate to contact me at the above telephone number, or at 773/727-8181, cell phone.

Sincerely,

The Law Offices of Robert Sharp & Associates

Robert Sharp, Jr.

Exhibit 8C-1

TRANSMISSION VERIFICATION REPORT

| | | |
|---|---|---|
| TIME | : | 10/25/2006 16:13 |
| NAME | : | LAW OFFICES |
| FAX | : | 18474139999 |
| TEL | : | 8474139999 |
| SER.# | : | BROJ4J111965 |

| | |
|---|---|
| DATE,TIME | 10/25 16:12 |
| FAX NO./NAME | 919498824118 |
| DURATION | 00:00:30 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD<br>ECM |

Exhibit 8.G:

THE LAW OFFICE OF
ROBERT SHARP AND ASSOCIATES

FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: Jason Crouch/Senior Collections Mgr. | FROM: Robert Sharp, Jr. |
| COMPANY: GEMB Lending | DATE: 10/25/2006 |
| FAX NUMBER: 949-892-4118 | TOTAL NO. OF PAGES INCLUDING COVER: 02 |
| PHONE NUMBER: 949-892-4684 | SENDER'S REFERENCE NUMBER: |
| RE: Kenneth Thompson | YOUR REFERENCE NUMBER: |

☐ URGENT ☐ FOR REVIEW ☐ PLEASE COMMENT ☐ PLEASE REPLY ☐ PLEASE RECYCLE

NOTES/COMMENTS:

120 W. MADISON, STE. 505
CHICAGO, ILLINOIS 60602
TEL: 312/920-1745 . FAX: 312/920-1749

Exhi[illegible]

PLAINTIFF'S EXHIBIT 8D

**kenthompson**

From: Hammer, Marlene (GE Money) [Marlene.Hammer@ge.com]
Sent: Wednesday, February 07, 2007 3:31 PM
To: kenthompson01@comcast.net
Subject: FW: #6200655323- 2005 CROSSROADS PARADISE
Importance: High

**From:** Hammer, Marlene (GE Money)
**Sent:** Wednesday, February 07, 2007 1:10 PM
**To:** 'kenthompson01@concast.net'
**Subject:** #6200655323- 2005 CROSSROADS PARADISE
**Importance:** High

Mr. Thompson:

Please call me regarding your account. 877-440-6042 X 4841

Thank You
Marlene Hammer

847-955-1280

Page 1 of 1

FAX: 949-892-410

PLAINTIFF'S EXHIBIT 8E

Exhibit

**kenthompson**

**From:** Hammer, Marlene (GE Money) [Marlene.Hammer@ge.com]
**Sent:** Tuesday, February 13, 2007 12:04 PM
**To:** kenthompson01@comcast.net
**Subject:** RE:

Hi Ken: I am working on your account… can you please send me via email your correspondence and the bill you have to replace the stolen parts?

**From:** kenthompson01@comcast.net [mailto:kenthompson01@comcast.net]
**Sent:** Monday, February 12, 2007 11:14 AM
**To:** Hammer, Marlene (GE Money)
**Subject:** RE:

my cellular number is 708-296-5339

-------------- Original message --------------
From: "Hammer, Marlene (GE Money)" <Marlene.Hammer@ge.com>
Thank you, I have called and left you a message 877-440-6042 X 4841

**From:** kenthompson01@comcast.net [mailto:kenthompson01@comcast.net]
**Sent:** Thursday, February 08, 2007 7:31 PM
**To:** Hammer, Marlene (GE Money)
**Cc:** kenthompson01@comcast.net
**Subject:**

I can be contacted at 312-419-1001 oe 708-256-8731

Exhibit 8 E 1

hp LaserJet 3015

hp invent

Legal Remedies
3124191711
Feb-20-2007 11:58AM

## Fax Call Report

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|---|
| 931 | 2/20/2007 | 11:56:32AM | Send | 19498924104 | 1:44 | 5 | OK |

Page 1 of 1

FAX: 949-892-4104

**kenthompson**

**From:** Hammer, Marlene (GE Money) [Marlene.Hammer@ge.com]
**Sent:** Tuesday, February 13, 2007 12:04 PM
**To:** kenthompson01@comcast.net
**Subject:** RE

Hi Ken I am working on your account. can you please send me via email your correspondence and the bill you have to replace the stolen parts?

**From:** kenthompson01@comcast.net [mailto:kenthompson01@comcast.net]
**Sent:** Monday, February 12, 2007 11:14 AM
**To:** Hammer, Marlene (GE Money)
**Subject:** RE:

my cellular number is 708-296-5339

------------ Original message ------------
From: "Hammer, Marlene (GE Money)" <Marlene.Hammer@ge.com>
Thank you, I have called and left you a message 877-440-6042 X 4841

**From:** kenthompson01@comcast.net [mailto:kenthompson01@comcast.net]
**Sent:** Thursday, February 08, 2007 7:31 PM
**To:** Hammer, Marlene (GE Money)
**Cc:** kenthompson01@comcast.net
**Subject:**

I can be contacted at 312-419-1001 or 708-256-8731

2/17/2007

Exhibit

PLAINTIFF'S EXHIBIT 8E.2

hp LaserJet 3015

invent

Legal Remedies
3124191711
Feb-27-2007 11:20AM

## Fax Call Report

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|---|
| 950 | 2/27/2007 | 11:19:06AM | Sent | 19498924104 | 0:56 | 2 | OK |

hp LaserJet 3015

invent

Legal Remedies
3124191711
Feb-28-2007 [illegible]AM

## Fax Call Report

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|---|
| 951 | 2/28/2007 | [illegible]:56:32AM | Sent | 19498924104 | 1:44 | 5 | OK |

FAX: 749-892-4104

10:20 AM 2/27/07 LW VM

4:49 PM 3/06/07 VM

8:40 AM 3/7/07 VM

LEGAL REMEDIES CHARTERED
"A SERVICE OF ATTORNEY JAMES L. HARDEMON"
8527 S. STONY ISLAND
CHICAGO, ILLINOIS 60617 TEL: 312-419-1001
FAX: 312-419-1711

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: Jason or Suzanne | FROM: K. Thompson |
| COMPANY: GEMB | DATE: 10/2/06 |
| FAX NUMBER: 949-892-4104 | TOTAL NO. OF PAGES INCLUDING COVER: 2 |
| PHONE NUMBER: 949-892-4833 | SENDER'S REFERENCE NUMBER: |
| RE: Pardise Point | YOUR REFERENCE NUMBER: |

☐ URGENT ☑ FOR REVIEW ☐ PLEASE COMMENT ☐ PLEASE REPLY ☐ PLEASE RECYCLE

NOTES/COMMENTS:

NOTE: PLEASE CALL IF YOU DID NOT RECEIVE ALL OF THE TRANSMITTAL PAGES.

I Need yool FAX Nomber

IMPORTANT:
This message is intended only for the use of the individual or entity to which it is addressed an may contain information, which is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, yoou are hereby notified that any dissemation, distribution or copying of this communication

Exh

PLAINTIFF'S EXHIBIT 8F

**Kenneth N. Thompson**

**From:** O'Bryant, Christopher J (GE Money) [christopher.o'bryant@ge.com]
**Sent:** Monday, July 23, 2007 6:33 PM
**To:** kenthompson@eliteosi.com
**Subject:** Mr. Thompson

Mr. Thompson,

As per your request today, the fax number to send correspondence to me is 949-892-4125.

Best.

Christopher J. O'Bryant
Senior Manager, Specialty Collections
Sales Finance
GEMB Lending, Inc./GE Money
(949) 892-4684

www.gemoney.com

This e-mail is the property of GEMB Lending Inc. It is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential, or otherwise protected from disclosure. Distribution or copying of this e-mail, or the information contained herein, by anyone other than the intended recipient is prohibited. If you have received this e-mail in error. please immediately notify the sender by e-mail at Christopher.o'bryant@ge.com.

Please delete and destroy any copies of this e-mail.

Exh

PLAINTIFF'S EXHIBIT 86

hp LaserJet *3015*

invent

URBAN RELOCATORS
Aug-10-2007 12:40PM

## Fax Call Report

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|---|
| 562 | 8/10/2007 | 12:38:04PM | Send | 19498924125 | 2:02 | 6 | ([illegible] |

**LEGAL REMEDIES CHARTERED**
"A SERVICE OF ATTORNEY JAMES L. HARDEMON"
A LAW FIRM

**FACSIMILE TRANSMITTAL SHEET**

| | |
|---|---|
| TO: Christopher J. O'Ryan | FROM: Kenneth Thompson |
| COMPANY: GEMB Lending, Inc./GE Money | DATE: 8/10/07 |
| FAX NUMBER: 1-949-892-4125 | TOTAL NO. OF PAGES INCLUDING COVER: 6 |
| PHONE NUMBER: 1-949-892-4684 | SENDER'S REFERENCE NUMBER: 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 |
| RE: Kenneth Thompson 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 | YOUR REFERENCE NUMBER: |

☐ URGENT ☒ FOR REVIEW ☐ PLEASE COMMENT ☐ PLEASE REPLY ☐ PLEASE RECYCLE

NOTES/COMMENTS:

IMPORTANT:

This message is intended only for the use of the individual or entity to which it is addressed and may contain information, which is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication

Exhibit 8.6.1

EXHIBIT

# LEGAL REMEDIES CHARTERED

"A SERVICE OF ATTORNEY JAMES L. HARDEMON"

A LAW FIRM

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: Christopher J. O'Bryant | FROM: Kenneth Thompson |
| COMPANY: GEMB Lending, Inc./GE Money | DATE: 8/10/07 |
| FAX NUMBER: 1-949-892-4125 | TOTAL NO. OF PAGES INCLUDING COVER: 6 |
| PHONE NUMBER: 1-949-892-4684 | SENDER'S REFERENCE NUMBER: 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 |
| RE: Kenneth Thompson 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 | YOUR REFERENCE NUMBER: |

☐ URGENT ☑ FOR REVIEW ☐ PLEASE COMMENT ☐ PLEASE REPLY ☐ PLEASE RECYCLE

NOTES/COMMENTS:

IMPORTANT:

This message is intended only for the use of the individual or entity to which it is addressed and may contain information, which is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemation, distribution or copying of this communication

Exhibit

PLAINTIFF'S EXHIBIT 8H

**Kenneth N. Thompson**

**From:** Kenneth N. Thompson [kenthompson@eliteosi.com]
**Sent:** Monday, November 05, 2007 10:38 AM
**To:** 'O'Bryant, Christopher J (GE Money)'
**Subject:** Account # 6200655323

Dear Mr. Christopher J. O'Bryant,
I am seeking your help with a final resolution on the loan I have with GE. I am prepared to pay the loan off all I need is a payoff that reflects a credit for the theft totaling $6611.64. I have worked with GE in the past showing my intent to always avoid unnecessary and expensive litigation.

As you are aware the trailer was towed illegally and impounded with ridiculous demands for a $2000.00 in tow charges. One of my Attorneys, Peter Bender has sued this tow company under the following lawsuit 2007L012408.

I am trying and have always tried to avoid litigation which would get expensive with GE, please review my fax of 08/10/07 and advise me if we can work this out with out another lawsuit. I would like to settle this debt for $14,000.00.

Kenneth N. Thompson
kenthompson@eliteosi.com
**Elite Outsourcing Servicing, Inc**
www.eliteosi.com
708-746-5162 ofc
708-746-5163 fax
708-296-5339 cel

Ex

PLAINTIFF'S EXHIBIT 8, H.I

LAW OFFICE OF

**BUFFINGTON & ASSOCIATES LLC.**

1525 E. 53RD ST., SUITE 622, CHICAGO, IL 60615
PHONE: 773 667-0280 FAX 773 667-0290

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: Marlene Hummer | FROM: Ken Thompson |
| COMPANY: GE | DATE: 11/15/07 |
| FAX NUMBER: 949-892-4125 | TOTAL NO. OF PAGES INCLUDING COVER: 4 |
| PHONE NUMBER: 877 440 6042 Ex 4841 | SENDER'S REFERENCE NUMBER: |
| RE: 2005 Cross Roads # 620065532? | YOUR REFERENCE NUMBER: |

☐ URGENT ☐ FOR REVIEW ☐ PLEASE COMMENT ☐ PLEASE REPLY ☐ PLEASE RECYCLE

NOTES/COMMENTS:

*This information contained in the facsimile message may be privileged attorney-client communication and intended solely for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivery to the intended recipient, do not read beyond the address box of the cover sheet. If you have received this facsimile by mistake, please notify us by telephone and next, discard this facsimile.*

*If there are any problems or questions regarding this transmission, please call the office from which it was sent.*

Ex 1

PLAINTIFF'S EXHIBIT
8H2

# Sending Confirm

Date : NOV-15-2007 THU 15:02
Name :
Tel. :

| | | |
|---|---|---|
| Phone | : | 19498924125 |
| Pages | : | 4 |
| Start Time | : | 11-15 15:00 |
| Elapsed Time | : | 01'19" |
| Mode | : | ECM |
| Result | : | Ok |

EXHIBIT 9

THOR CREDIT CORP

P.O. Box 51826
Los Angeles, CA 90051-6126
800-626-9120

MARCH 8, 2007

KENNETH N THOMPSON
6644 W MAPLE CT
MONEE, IL 60449-0000

Re: Account# : 6200655323
Customer Name KENNETH N THOMPSON
Bankruptcy Case: 06-16071

This is not an attempt to collect a debt.

We were recently notified of your bankruptcy filing.

Please be advised that pursuant to the Fair and Accurate Transaction Act of 2003 ("Act"), we are required to notify you that we report negative information to the credit reporting agencies. Under Section 217 of the Act, "negative information" means information concerning delinquencies, late payments, insolvency, or any form of default.

**We have told a credit bureau about a late payment, missed payment or other default on your account. This information may be reflected in your credit report.**

Sincerely,
**THOR Credit Corporation**

DIANA P VERDIN
Bankruptcy Dept.
(877) 440 – 6042
THBKC_FACTAII