IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH N. THOMPSON,<br>Plaintiff, | ) | |
| vs. | ) | No. 1:08-cv-00068<br>Honorable Charles P. Kocoras |
| ADESA INDIANOPOLIS, INC., et. al<br>Defendants. | ) | |

**ANSWER TO COMPLAINT**

NOW COME defendant, ADESA INDIONAPOLIS, LLC, incorrectly sued as ADESA INDIANOPOLIS, INC., in answer to plaintiff's Complaint, states as follows:

1. This defendant admits that it does business at 2950 E. Main Street, Plainfield, Indiana. It has insufficient information to form a belief as to the truth as to the remaining allegations contained in paragraph one and, therefore, neither admits nor denies said allegations but demands strict proof thereof.

2. This defendant has insufficient information to form a belief as to the truth of the allegations contained in paragraph two and, therefore, neither admits nor denies said allegations but demands strict proof thereof.

3. This defendant has insufficient information to form a belief as to the truth of the allegations contained in paragraph three and, therefore, neither admits nor denies said allegations but demands strict proof thereof.

4. This defendant denies the allegations contained in paragraph four.

5. This defendant has insufficient information to form a belief as to the truth of the allegations contained in paragraph five and, therefore, neither admits nor denies said allegations but demands strict proof thereof.

6. This defendant has insufficient information to form a belief as to the truth of the allegations contained in paragraph six and, therefore, neither admits nor denies said allegations but demands strict proof thereof.

7. This defendant has insufficient information to form a belief as to the truth of the allegations contained in paragraph seven and, therefore, neither admits nor denies said allegations but demands strict proof thereof.

8. This defendant has insufficient information to form a belief as to the truth of the allegations contained in paragraph eight and, therefore, neither admits nor denies said allegations but demands strict proof thereof.

9. This defendant has insufficient information to form a belief as to the truth of the allegations contained in paragraph nine and, therefore, neither admits nor denies said allegations but demands strict proof thereof.

10. This defendant has insufficient information to form a belief as to the truth of the allegations contained in paragraph ten and, therefore, neither admits nor denies said allegations but demands strict proof thereof.

11. This defendant has insufficient information to form a belief as to the truth of the allegations contained in paragraph eleven and, therefore, neither admits nor denies said allegations but demands strict proof thereof.

12. This defendant has insufficient information to form a belief as to the truth of the allegations contained in paragraph twelve and, therefore, neither admits nor denies said allegations but demands strict proof thereof.

**COUNT I – CONVERSION**

This defendant re-alleges and incorporates by references its answers paragraphs 1-12 of the Common Allegations as it's answers to paragraphs 13-17 of Count I as though fully set forth herein.

13. This defendant denies the allegations contained in paragraph thirteen.

14. This defendant denies the allegations contained in paragraph fourteen.

15. This defendant denies the allegations contained in paragraph fifteen.

16. This defendant denies the allegations contained in paragraph sixteen.

17. This defendant denies the allegations contained in paragraph seventeen.

WHEREFORE, this defendant, ADESA INDIAN0POLIS, LLC, incorrectly sued as ADESA INDIANOPOLIS, INC. states that the plaintiff's prayer for relief in Count I should be denied in its entirety, paragraphs (A) through (D) inclusive.

**COUNT II - NEGLIGENCE**

This defendant re-alleges and incorporates by reference its answers paragraphs 1-17 as its answers to paragraphs 18-19 of Count II as though fully set forth herein.

20. (incorrectly numbered on plaintiff's complaint as No. 18). This defendant admits the existence of said statute but denies its applicability to the facts and circumstances of this case.

21. (incorrectly numbered on plaintiff's Complaint as No. 19.). This defendant denies the allegations contained in paragraph 21.

WHEREFORE, this defendant, ADESA INDIANOPOLIS, LLC, incorrectly sued as ADESA INDIANOPOLIS, INC.. requests this court to deny plaintiff's prayer for relief in Count II paragraphs (E) through (H) in their entirety.

**COUNT III – THEFT**

This defendant re-alleges and incorporates by reference its answers to paragraphs 1-19 of plaintiff's Complaint as its answers to paragraphs 20-22 of Count III as though fully set forth herein.

23 (incorrectly numbered as paragraph No. 20). This defendant admits the existence of said statute but denies its applicability to the facts and circumstances of this case..

24. (incorrectly numbered as paragraph No. 21) . This defendant denies the allegations contained in paragraph twenty four.

25. (incorrectly numbered as paragraph No. 22). This defendant denies the allegations contained in paragraph twenty-two.

WHEREFORE, this defendant ADESA INDIANOPOLIS, LLC, incorrectly sued as ADESA INDIANOPOLIS, INC. requests the court to deny plaintiff's prayer for relief in its entirety, paragraphs (I) through (M) inclusive.

**COUNT IV**

This defendant re-alleges and incorporates by reference its answers to paragraphs 1-24 of Count IV its answers to paragraphs 23 -26 of Count IV as though fully set forth herein.

27. (incorrectly numbered as paragraph No. 23) This defendant admits the existence of said act but denies its applicability to the facts and circumstances of this case.

28. (incorrectly numbered as paragraph No. 24) This defendant denies the allegations contained in paragraph twenty-eight.

29. (incorrectly numbered as paragraph No. 25) This defendant admits the existence of said act but denies its applicability to the facts and circumstances of this case.

30. (incorrectly numbered as No. 26.) This defendant denies the allegations contained in paragraph 30.

WHEREFORE, this defendant, ADESA INDIANOPOLIS, LLC, incorrectly sued as ADESA INDIANOPOLIS, INC. requests this court to deny the plaintiff's prayer for relief in its entirety, sub-paragraphs (N) through (R), inclusive.

**COUNT V**

**(VIOLATION OF RETAIL INSTALLMENT SALES ACT)**

This defendant re-alleges and incorporates by reference its answers to paragraphs 1-30 of plaintiff's Complaint as its answers to paragraphs 30-32 of Count V as though fully set forth herein.

33. (incorrectly numbered as No. 27). This defendant admits the existence of said statute but denies its applicability to the facts and circumstances of this case.

33.

34. (incorrectly numbered as No. 28). This defendant admits the existence of said statute but denies its applicability to the facts and circumstances of this case.

35. (incorrectly numbered as No. 29) This defendant denies the allegations contained in paragraph thirty-five.

WHEREFORE, this defendant, ADESA INDIANOPOLIS, LLC, incorrectly sued as ADESA INDIANOPOLIS, INC. requests this court to deny the plaintiff's prayer for relief in its entirety, sub-paragraphs (S) through (V), inclusive.

**AFFIRMATIVE DEFENSES**

ADESA INDIANOPOLIS, LLC, incorrectly sued as ADESA INDIANOPOLIS, INC. for its First affirmative defense states as follows:

1. That the plaintiff, KENNETH M. THOMPSON, took possession of his vehicle on August 7, 2006 from ADESA INDIANOPOLIS, LLC. That in doing so, he took full responsibility for the vehicle and accepted the vehicle in its current condition. Further, the plaintiff released ADESA Auto Action from any responsibility from the date of August 7, 2006 forward. (Attached hereto and incorporated herein as Exhibit "A" is a copy of said release signed by the plaintiff, KENNETH M. THOMPSON dated August 7, 2006).

2. ADESA INDIANOPOLIS, LLC, incorrectly sued as ADESA INDIANOPOLIS, INC. for its Second affirmative defense states that if it is found liable, which liability is denied any such fault should be compared to other parties or individuals thought to be negligent and recovery should be reduced by the percentage of fault found against such other party or parties including fault to the plaintiff and/or other unknown tortfeasors.

3. ADESA INDIANOPOLIS, LLC, incorrectly sued as ADESA INDIANOPOLIS, INC. for its Third affirmative defense denies it was engaged in any

negligence which caused or contributed to the plaintiff's alleged damages. Defendants deny it engaged any deceptive active practices and denies it is liable for any act or omission or commission which was directly or proximately caused or contributed to the damage allegedly to have been incurred by the plaintiff.

4. ADESA INDIANOPOLIS, LLC, incorrectly sued as ADESA INDIANOPOLIS, INC. for its Fourth affirmative defense. This defendant avers that other persons or entities including the plaintiff or any other unknown tortfeasor(s) other than ADESA over whom ADESA had neither control or the right to control is at fault for or caused the circumstances that are the subject matter of this complaint.

5. ADESA INDIANOPOLIS, LLC, incorrectly sued as ADESA INDIANOPOLIS, INC. for its Fifth affirmative defense. This defendant states that punitive damages is not warranted or appropriate under the facts of this case and the assessment of punitive damages would violate the United States Constitution and the Illinois Constitution

PATRICK H. NORRIS

Law Offices of Lauren K. Meachum
10 South LaSalle Street, Suite 2800
Chicago, Illinois 60603
Telephone: (312) 726-6317
Fax: (603) 334-9766

388343

**ADESA**
AUCTIONS INDIANAPOLIS




I take full responsibility for the following vehicle. I accept the vehicle in its current condition.

Year: 2005
Make: Crossroads Paradise
Model:
VIN: 002110

I release ADESA Auto Auction from any responsibility from this date forward.

Signature

8/7/06
date

Witness

EXHIBIT
"A"