**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KENNETH N. THOMPSON,<br><br>Plaintiff,<br>v.<br><br>CHRISTOPHER J. O'BRYANT, JASON CROUCH, MARLENE HAMMER, SUZANNE MCCONNELL, DIANA P. VERDIN, GEMB LENDING, INC. f/k/a THOR CREDIT CORPORATION, SHAMROCK RECOVERY SERVICES, INC., UNKNOWN TRANSPORTATION COMPANY, ADESA INDIANAPOLIS, INC., MORGAN RUSS, KATHY HOPKINS,<br><br>Defendants. | ) | No. 08 C 00068<br><br>Judge Kocoras |

**DEFENDANT GEMB LENDING, INC.'S MOTION TO DISMISS**

NOW COMES the Defendant, GEMB LENDING, Inc. (formerly known as THOR CREDIT CORPORATION), by and through its attorney, James C. Vlahakis, and pursuant to FRCP 12(b)(6) moves to dismiss Plaintiff's Complaint with prejudice:

## I. Introduction

1. Plaintiff has filed a five count Complaint against GEMB LENDING, Inc. ("GEMB"), five of its employees (Christopher J. O'Bryant, Jason Crouch, Marlene Hammer, Suzanne McConnell, Diana P. Verdin), and various other corporate Defendants and individual employees in the Circuit Court of Cook County, Illinois. *See* Complaint, attached to Memorandum in Support of Motion to Dismiss as Exhibit A. Plaintiff's lawsuit relates to the repossession of a recreational vehicle ("RV") that he purchased via a retail installment contract. *Id.* at ¶¶ 2-5. Plaintiff's RV was repossessed on two occasions (March 18, 2006 and September 7, 2007) after he failed to make timely payments to GEMB. *Id.* at ¶¶ 4, 11.

2. Plaintiff claims that unspecified Defendants caused certain items in or attached to the RV were damaged or missing. Complaint, ¶¶ 7-8, 21. He also claims that unspecified Defendants violated a bankruptcy stay when they attempted to repossess his RV on or about June 4, 2007, and that Defendants communicated false information to a credit reporting agency. *Id.* at ¶¶ 23-26.

3. Plaintiff has asserted the following causes of action: Count I – Conversion; Count II - Negligence; Count III – Theft; Count VI – Violation of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692; and Count V – Violation of Retail Installment Sales Act. Complaint, pp. 4-9.

4. On January 3, 2008, this case was removed from the Circuit Court of Cook County because Plaintiff has filed a claim under the FDCPA. *See* 28 U.S.C. § 1441(a).

5. To date, Plaintiff has not filed his appearance before this Court.

**II. Standard of Review**

6. In ruling on a motion to a court should construe the allegations of the complaint in the light most favorable to the plaintiff, draw all reasonable inferences that favor the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation,* 300 F.3d 750, 753 (7th Cir. 2002). A "pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Bell Atlantic v. Twombly,* __ U.S. __, 127 S.Ct. 1955, 1965 (2007). Accordingly, "[i]t is not . . . proper to assume that [plaintiff] can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Id.* at 1969 n.8

7. A motion dismiss should allow a court to "determine at the outset of the litigation, before costly discovery is undertaken, whether the plaintiff has any tenable

theory or basis of suit." *Ryan v. Mary Immaculate Queen Center,* 188 F.3d 857, 860 (7th Cir.1999). Here, Plaintiff has pled himself out of court by asserting allegations that undermine his claims. *Thompson v. Farley*, 31 F.3d 557, 558-59 (7th Cir. 1994); *Holman v. State of Indiana,* 211 F.3d 399, 406 (7th Cir. 2000).

**III. Summary of Arguments**

8. Plaintiff's claims for negligence, conversion, theft, violation of the FDCPA and violation of the Retail Installment Sales Act should be dismissed because Plaintiff failed to list these alleged causes of action on his bankruptcy schedules and these claims all pre-date the filing and discharge of his bankruptcy.[1] The Seventh Circuit has held where a debtor fails to disclose potential lawsuits as assets on bankruptcy schedules, he or she is barred from asserting such actions at a later date. *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006) ("a debtor in bankruptcy who denies owning an asset, including a chose [sic] in action or other legal claim, cannot realize on that concealed asset after the bankruptcy ends.").

9. Alternatively, these claims should be dismissed because Plaintiff has failed to identify the specific misconduct attributable to each defendant in violation of FRCP 8(a) and it is improper for Plaintiff to lump his claims against unspecified "defendants." The fact that the individual Defendants have not been properly served does not preclude this Court from dismissing them prior to service.[2]

[1] In considering this motion to dismiss, this Court is permitted to take judicial notice of matters of public record without converting it to one for summary judgment. *See e.g., Henson v. CSC Credit Srvs.,* 29 F.3d 280, 284 (7th Cir. 1994) (holding that court documents from state court proceedings can be judicially noticed and considered on a Rule 12(b)(6) motion to dismiss); *Opoka v. INS*, 94 F.3d 392, 394 (7th Cir. 1996) (same).

[2] *See, e.g., Bonny v. The Society of Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993) ("A court may take this *sua sponte* action "where nonmoving defendants are in a position similar to that of moving defendants or where the claims against all the defendants are integrally related."); *Resolution Trust Corp. v. Ruggiero,* 994 F.2d 1221, 1226 (7th Cir.1993); *Hunger v. Leininger*, 15 F.3d 664, 669 (7th Cir. 1994) ("A district judge is authorized to grant [dismissal] to a party that has not requested it).

10. Additional grounds for dismissal are identified in Defendant's Memorandum of Law.

WHEREFORE, Defendant GEMB LENDING, Inc., f/k/a THOR CREDIT CORPORATION, respectfully requests that this Honorable Court dismiss Pliantiff's Compliant with prejudice.

Respectfully submitted,

By: /s/ James C. Vlahakis

One of the attorneys for Defendants, GEMB LENDING, Inc. f/k/a THOR CREDIT CORPORATION

James C. Vlahakis
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
312-704-3000
jvlahakis@hinshawlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2008, I electronically filed the above document with the Clerk of the Court using the CM/ECF system. I also certify that I will fax and/or e-mail notification of such filing(s) to all counsel and parties of record via the attached services list on February 19, 2008.

/s/ James C. Vlahakis
James C. Vlahakis
HINSHAW & CULBERTSON LLP
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601
312-704-3000
jvlahakis@hinshawlaw.com
Firm No. 90384

**SERVICE LIST**

**Kenneth Thompson**
6644 Maple Court
Monee, Illinois 60449
kenthompson@eliteosi.com

Robert Sharp, Jr. Esq.
The Sharp Law Offices, P.C.
180 North LaSalle Street
Suite 1916
Chicago, IL 60601
(312) 596-0283
lawofrsj@aol.com

**Shamrock Recovery, Inc.**
Kevin Hession
1234 N. Cedar Road
New Lenox, Illinois 60451
Fax: (815) 834-9070

**Adesa Indianapolis, Inc., Morgan Russ and Kathy Hopkins**
Howard Trafman, Esq.
Patrick Norris, Esq.
Meachum & Trafman
10 S. LaSalle Suite 2800
Chicago, IL 60603
Fax: (312)443-9282