**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KENNETH N. THOMPSON,<br><br>Plaintiff,<br>v.<br><br>CHRISTOPHER J. O'BRYANT, JASON CROUCH, MARLENE HAMMER, SUZANNE MCCONNELL, DIANA P. VERDIN, GEMB LENDING, INC. f/k/a THOR CREDIT CORPORATION, SHAMROCK RECOVERY SERVICES, INC., UNKNOWN TRANSPORTATION COMPANY, ADESA INDIANAPOLIS, INC., MORGAN RUSS, KATHY HOPKINS,<br>Defendants. | ) | No. 08 C 00068<br><br>Judge Kocoras |

**DEFENDANT GEMB LENDING, INC.'S MEMORANDUM OF LAW**
**<u>IN SUPPORT OF ITS FRCP 12(B)(6) MOTION TO DISMISS</u>**

Defendant, GEMB LENDING, Inc. (formerly known as THOR CREDIT CORPORATION), by and through its attorney, James C. Vlahakis, submits the following as its Memorandum of Law in Support of its FRCP 12(b)(6) Motion to Dismiss:

**I. Introduction**

Plaintiff has filed a five count Complaint against GEMB LENDING, Inc. ("GEMB"), five of its employees (Christopher J. O'Bryant, Jason Crouch, Marlene Hammer, Suzanne McConnell, Diana P. Verdin), and various other corporate Defendants and individual employees in the Circuit Court of Cook County, Illinois. *See* Complaint (Exhibit A). Plaintiff's lawsuit relates to the repossession of a recreational vehicle ("RV") that he purchased via a retail installment contract. *Id.* at ¶¶ 2-5. Plaintiff's RV was repossessed on two occasions (March 18, 2006 and September 7, 2007) after he failed to make timely payments to GEMB. *Id.* at ¶¶ 4, 11.

Plaintiff claims that unspecified Defendants caused certain items associated with the RV were damaged or missing. *Id.* at ¶¶ 7-8, 21. He also claims that unspecified Defendants violated a bankruptcy stay when they attempted to repossess his RV on or about June 4, 2007. *Id.* at ¶¶ 23-24. He also claims that one of GEMB's employees communicated false information to a credit reporting agency when she failed to report that Plaintiff "disputed" his obligations under the retail installment contract. *Id.* at ¶¶ 25-26. Plaintiff has asserted the following causes of action: Count I – Conversion; Count II - Negligence; Count III – Theft; Count VI – Violation of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692; and Count V – Violation of Retail Installment Sales Act. Exhibit A, pp. 4-9.[1]

On information and belief, GEMB's employees have not been properly served with process and state court appearances that were entered on their behalf in error were allowed to be withdraw the circuit court. For the sake of judicial economy, to the extent that this Court grants GEMB's motion to dismiss, it is proper to dismiss GEMB's employees.[2]

## II. Summary of Allegations

On or about March 18, 2006, after falling behind in monthly installment payments, "Defendant and it's [sic] agents repossessed the vehicle and accelerated the contract demanding payment in full of $23,973.89" Complaint, ¶ 4 (Exhibit A). *See*

---

[1] On January 3, 2008, this case was removed from the Circuit Court of Cook County because Plaintiff has filed a claim under the FDCPA. *See* 28 U.S.C. § 1441(a).

[2] *See, e.g., Hunger v. Leininger*, 15 F.3d 664, 669 (7th Cir. 1994) ("A district judge is authorized to grant summary judgment to a party that has not requested it); *Resolution Trust Corp. v. Ruggiero,* 994 F.2d 1221, 1226 (7th Cir.1993); *Bonny v. The Society of Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993) ("A court may take this *sua sponte* action "where nonmoving defendants are in a position similar to that of moving defendants or where the claims against all the defendants are integrally related."); *Ford v. Page*, 2002 WL 31818996, *3 n.4 (N.D. Ill. 2002) (holding that it is reasonable to extend this practice to dismiss defendants who have not joined in the motion where it would serve no purpose for a plaintiff go to through the process of completing service only to have identical argument be granted at a later date by the newly served party); *Mitchell v. Fairman*, 1996 WL 420294, *6 (N.D. Ill. 1996) (same).

*also*, letter from Plaintiff to Thor Credit dated March 4, 2007 ("My sister and I have tried to redeem my property that was delinquent for three payments of $669.31) (attached to Complaint as Exhibit 3.1). On August 7, 2007, Plaintiff traveled to Indianapolis, Indiana to redeem his RV by paying $1,632.92. Complaint, ¶ 7. *See also,* July 26, 2007 email attached to Complaint as Exhibit 5. Plaintiff claims that when he attempted to redeem his RV he noticed that certain items were stolen from his RV and that his RV was damaged. Complaint, ¶ 7. *See also*, list of items attached to Complaint as Exhibit. Plaintiff attempted to seek compensation from GEMB and its employees for the alleged theft and damage. *Id.* at ¶ 8. *See also*, communications attached to the Complaint as Exhibits 8a and 8h.

Plaintiff ceased to make any further installment payments while disputed "the alleged amount of the debt due and that Defendants [sic] agent, Marelene Hammer was resolving the disputed." Complaint, ¶ 8. On March 8, 2007, Defendant Diana P. Verdin mailed him a letter which he claims stated: "This is an attempt to collect a debt . . . . We have told a credit bureau about a late payment, missed payment . . . ." Complaint, ¶ 9.

On June 4, 2007 "Defendants [sic] agents attempted to repossess plaintiffs [sic] vehicle." Complaint, ¶ 10. Plaintiff "provided defendants with proof of plaintiffs [sic] bankruptcy filing and defendant's agent verified the information and exited plaintiff's property 45 minutes later." *Id.* "On or [a]round September 7, 2007 Rendered Services, Inc. illegally towed Plaintiff's vehicle." Complaint, ¶ 11. Plaintiff filed suit against Rendered Services in the Circuit Court of Cook County. *Id.*

## III. Plaintiff's Bankruptcy Proceedings

Plaintiff filed for chapter 13 bankruptcy protection on December 6, 2006 Exhibit B.[3] Plaintiff's bankruptcy was discharged on or about June 22, 2007. Group Exhibit C. Plaintiff moved to remove the subject RV from his bankruptcy plan on the basis that he was "surrendering this property to the creditor." Exhibit D, p. 1, ¶ 5. Plaintiff again filed for chapter 13 bankruptcy protection on July 11, 2007. Exhibit E. Plaintiff's second bankruptcy was discharged on or about November 16, 2007. Group Exhibit F. In both bankruptcies, Plaintiff failed to identify his current causes of action against any of the defendants as "assets" in his bankruptcy schedules. Exhibit B, pp. 9-12; Exhibit E, pp. 9-11.

## IV. Summary of Arguments in Support of Motion to Dismiss

### A. Judicial Estoppel – Plaintiff Did Not List His Claims During Bankruptcy Proceedings as Assets (Applies to All Claims)

Plaintiff's claims should be dismissed because he *failed* to list these causes of action on his bankruptcy schedules and these claims pre-date the filing and dismissal of his two bankruptcies. *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006) ("a debtor in bankruptcy who denies owning an asset, including a chose [sic] in action or other legal claim, cannot realize on that concealed asset after the bankruptcy ends."). In *Cannon-Stokes,* the plaintiff was judicially estopped from asserting a claim against the U.S. Postal Service after she failed to declare a potential claim against the Service in her underlying bankruptcy. *Id.* ("After the bankruptcy was over, Cannon-

---

[3] This Court is permitted to take judicial notice of matters of public record on a Rule 12(b)(6) motion to dismiss without converting it to one for summary judgment. *See, e.g., Doherty v. City of Chicago*, 75 F.3d 318, 324 (7th Cir. 1996) (proceedings from other courts, "both within and outside the federal judicial system" may be judicially noticed especially where those proceedings "have a direct relation to matters at issue"). *Henson v. CSC Credit Srvs.,* 29 F.3d 280, 284 (7th Cir. 1994).

Stokes filed this suit. Naturally enough, the Postal Service contended that judicial estoppel forecloses the action. Cannon-Stokes had represented that she had no claim against the Postal Service (or anyone else) . . . .").[4] Significantly, the Seventh Circuit criticized the plaintiff from failing to reopen and amend her schedules. *Id.* at 448 ("And if Cannon-Stokes were really making an honest attempt to pay her debts, then as soon as she realized that it *had* been omitted, she would have filed amended schedules and moved to reopen the bankruptcy, so that the creditors could benefit from any recovery. Cannon-Stokes never did that; she wants every penny of the judgment for herself."). Here, there is no question that Plaintiff knew of his claims during the pendency of one or more of his bankruptcy files as alleges that he presented a draft complaint to Defendant and communicated with Defendants' employees about his. Complaint, ¶¶ 6, 8.

The Seventh Circuit recognized that this is the majority approach. *Cannon-Stokes*, at 448. ("All six appellate courts that have considered this question hold that a debtor in bankruptcy who denies owning an asset, including a chose in action or other legal claim, cannot realize on that concealed asset after the bankruptcy ends."). *See also, Ball v. Nationscredit Fin. Servs Corp.*, 207 B.R. 869, 872-73 (N.D. Ill. 1997) ("Since Ball did not have standing to bring this action at the time it was filed, it must be dismissed for lack of subject matter jurisdiction."); *Polis v. Getaways, Inc.*, 2001 WL 185481, * 2 (N.D. Ill) ("once the bankruptcy petition is filed, the debtor no longer has standing to prosecute pre-petition claims and, thereafter, only the trustee can evaluate

---

[4] The definition of "property" under the Bankruptcy Code "has uniformly been interpreted to include causes of action." *In re Polis*, 217 F.3d 899, 901 (7th Cir. 2000). *See also*, *Cable v. Ivy Tech State College*, 200 F.3d 467, 472 (7th Cir. 1999) (proceeding, "[t]he trustee has sole authority to dispose of property, including managing litigation related to the estate"); 11 U.S.C. § 541(a)(1) ( "all legal or equitable interests of the debtor in property as of commencement of the [bankruptcy] case.").

and administer the property."). Illinois state courts have likewise recognized that debtors who fail to list claims on their bankruptcy schedules lack standing to proceed with pre-petition causes of action. *See, e.g., Dailey v. Smith*, 292 Ill.App.3d 22, 25-26, 684 N.E.2d 991, 994 (1st Dist. 1997).

While *Cannon-Stokes* dealt with a Chapter 7 proceeding, this is a distinction with out a difference because a review of the district court's opinion reveals that the bankruptcy case originally involved a Chapter 13 filing which was converted to a Chapter 7 proceeding. *Cannon-Stokes v. Potter*, 2004 WL 407014, *2, (N.D .Ill. 2004) ("On July 28, 1998, while her administrative proceeding was pending, Cannon-Stokes filed a voluntary petition in bankruptcy under Chapter 13 of the Bankruptcy Code . . . . On January 21, 2000, she converted her Chapter 13 petition to one for liquidation of her assets under Chapter 7. During the pendency of her bankruptcy action, Cannon-Stokes did not disclose to the trustee or the court her pending administrative claim for employment discrimination against the USPS.").

Additionally, other circuit and district courts have applied judicial estoppel to Chapter 13 proceedings. *See, e.g., Jethroe v. Omnova Solutions, Inc.,* 412 F.3d 598, 600-01 (5th Cir.2005) ("In the chapter 13 proceedings, Jethroe did not inform the bankruptcy court of her EEOC claim or the title VII suit."); *DeLeon v. Comcar Indus., Inc.,* 321 F.3d 1289, 1291 (11th Cir.2003) (holding that judicial estoppel bars a plaintiff from asserting claims previously undisclosed to the bankruptcy court applies equally in Chapter 7 and Chapter 13 bankruptcy cases); *Davis v. Village of Caseyville*, 2007 WL 551584 (S.D. Ill. 2007) (applying *Cannon-Stokes* to chapter 13 proceeding); *Karraker v. Rent-A-Center, Inc.*, 2005 WL 2979652 *3 (C.D. Ill. 2005) (applying *Cannon-Stokes* to chapter 13 proceeding). Additionally, the Seventh Circuit has recently held that *Cannon-Stokes* applies to Chapter 13 proceedings in an unreported decision

released on April 25, 2007). Defendant will ask the Seventh Circuit to publish this opinion pursuant to Seventh Circuit Rule 32.1(c).

Now that Plaintiff has been caught in a dangerous omission (or worse and outright lie and deceit upon the bankruptcy court), is too late for him to reopen and amend his bankruptcy schedules. *See, e.g., Back v. Town of Cloverdale*, 2001 WL 987832, *3-*4 (S.D. Ind. 2001) ("Plaintiff failed to disclose the civil rights claim in his prior bankruptcy proceeding, and only disclosed the claim in his second Chapter 13 petition once his failure was discovered by his adversaries in this case. The court finds that Plaintiff's failure to disclose the claim was a deliberate effort to play fast and lose with the courts. Plaintiff has offered absolutely no explanation for his failure to list his civil rights claim in the prior bankruptcy proceeding.") (citations omitted).[5]

Because Plaintiff failed to identify his pending claims in any of his bankruptcy proceedings and all of the alleged claims arose during the pendency of the bankruptcy proceedings, Plaintiff has forfeited the right to bring these cases of actions and these claims should be dismissed with prejudice pursuant to *Cannon-Stokes* and the above authorities. Again, this defense should apply to Plaintiff's claims against GEMB's employees as well as the remaining Defendants.

**B. Alternative Arguments As to the Merits of Each Claim**

These defenses should apply to Plaintiff's claims against GEMB's employees as well as the remaining Defendants.

---

[5] As a final matter, the fact that Plaintiff bankruptcy proceedings were never successfully resolved in his favor is immaterial. Karraker, 2005 WL 2979652, * 3 ("Karraker further argues the doctrine should not apply because he did not obtain a successful result in the [Chapter 13] bankruptcy matter. While this argument is tenuous at best because the bankruptcy case was dismissed due to Karraker's own failure to comply with the plan, it is not necessary that Karraker prevail in the prior litigation in order for judicial estoppel to apply. Rather, it is sufficient that the bankruptcy court "accept the debtor's assertion by relying on the debtor's nondisclosure of potential claims," even if the bankruptcy case is later dismissed.") (citations omitted).

### 1. Plaintiff' Conversion Claim is Without Merit

An Illinois common law claim for conversion requires a plaintiff to prove: (1) that the defendant wrongfully assumed control, dominion, or ownership over the property; (2) that he or she has an unconditional right to the immediate possession of the property; and (3) he or she made a demand for return of the property. *Western States Ins. Co. v. Louis E. Olivero & Assoc.,* 670 N.E.2d 333, 335 (3rd Dist. 1996).

Plaintiff's conversion claims should be dismissed because Plaintiff has pled himself out of court by asserting that his RV was repossessed (twice) *after he failed to make his required payments.* Plaintiff cannot meet the first element because he admittedly failed to make timely installment payments. Thus, the RV was *lawfully* repossessed by GEMB. Under these facts, no "conversion" took place as a matter of law. *See, e.g., Holt v. Ford Motor Credit Co.*, 2007 WL 2601083, *9-*10 (N.D. Ind. 2007) ("Plaintiff's claim for conversion fails because Holt cannot demonstrate that FMCC wrongfully repossessed the Expedition. . . . FMCC has demonstrated the absence of a genuine dispute about whether Holt was in default at the time the Expedition was repossessed.").

### 2. Plaintiff' Negligence Claim is Without Merit

Plaintiff has pled a "negligence" claim for a purported violation of 765 ILCS 1015/3 which provides as follows:

> In case of loss or damage of a bailor's property while in such a bailee's possession or control and the bailee has represented to the bailor that he would be indemnified for loss in such case, and no statement has been furnished to the bailor as required by Section 1 hereof, the bailee shall be liable to a penalty of $100, which penalty together with reasonable attorney's fees may be recovered by the bailor in a civil action.

Section 1 provides as follows:

> If a bailee for hire makes a separate charge for any part or all of the cost any insurance which he may carry to indemnify him

> against liability for loss or damage of property of a bailor while in the possession or control of the bailee, or if a bailee for hire in any manner informs a bailor or prospective bailor that his property will be protected from loss or damage while in the bailee's possession or control and makes a charge for such protection, then the bailee shall furnish to the bailor, at the time the bailment contract is entered into, a statement plainly showing the type and extent of the coverage of such insurance, the particular articles of property insured against loss or damage, the maximum amounts recoverable, and the name of the insurance carrier. If the bailee is a self insurer, no separate charge for insurance shall be made. The requirements of this Act shall not apply to insurance procured by the bailee to protect against loss while the property is in transit by mail, express or other means of transportation.

There is an absence of case law interpreting this statute. Given the fact that this statute appears to relate to bailee/bailor relationship (and not repossessions), it does not appear that this statute would provide Plaintiff with a private right of action stemming from any loss or damage related to a repossession. Even if this statute did provide a private right of action under the circumstances of this case, this claim should be dismissed because has not pled that GEMB informed him that it would indemnify him for any loss be and/or that GEMB failed to provide him with the required "statement".

**3. Plaintiff's "Theft" Claim is Without Merit**

Plaintiff's "theft" claim references an criminal statue, 720 ILCS 5/16-1(a). This claim should be dismissed because this statute does not provide a private right of action for the recovery of damages. As a general matter, it is axiomatic that absent the inclusion of language specifically providing a private right of action for the recovery of civil damages, a criminal statute will not be interpreted to provide a civil action:

> We have been quite reluctant to infer a private right of action from a criminal prohibition alone; in *Cort v. Ash*, 422 U.S. 66, 80, 95 S.Ct. 2080, 2089, 45 L.Ed.2d 26 (1975), for example, we refused to infer a private right of action from "a bare criminal statute." And we have not suggested that a private right of action exists for all injuries caused by violations of criminal prohibitions. *See Touche Ross*, 442 U.S., at 568, 99 S.Ct., at 2485 ("[Q]uestion of the

> existence of a statutory cause of action is, of course, one of statutory construction”). If we were to rely on this reasoning now, we would be obliged to hold that a private right of action exists for every provision of the 1934 Act, for it is a criminal violation to violate any of its provisions. 15 U.S.C. § 78ff. And thus, given 18 U.S.C. § 2, we would also have to hold that a civil aiding and abetting cause of action is available for every provision of the Act. There would be no logical *191 stopping point to this line of reasoning: Every criminal statute passed for the benefit of some particular class of persons would carry with it a concomitant civil damages cause of action.

*Central Bank of Denver, N.A. v. First Interstate*, 511 U.S. 164, 190-91 (1994). *See also*, *O'Donnell v. Daley*, 2002 WL 100443 (N.D. Ill. 2002) (“O'Donnell attempts to use this statute to impose liability on the defendants for the statements contained in the charges filed against him that led to his termination. He ignores the fact that § 1001 is a criminal statute that does not imply a corresponding private right of action.”) (Kocoras, J.).

Here, 720 ILCS 5/16-1(a) does not identify a private right of action. Accordingly, this claim should be summarily dismissed.

**4. Plaintiff’ FDCPA Claim is Without Merit**

Plaintiff’s FDCPA claim asserts two violations: (a) that Defendant(s) failed to report that he was disputing his debt when it reported him to a credit reporting agency; and (b) that it attempted to repossess his RV when while it was subject to a bankruptcy stay. Complaint, ¶¶ 23-26. Neither of the claims have any merit.

First, contrary to Plaintiff’s representations, the letter does not state “[t]his is an attempt to collect a debt.” *Id.* at ¶ 27. Rather, the letter attached to the Complaint as Exhibit 9 specifically states “this is *not* an attempt to collect a debt.” (Emphasis supplied). As a general matter, the Act specifically *authorizes* debt collectors to contact credit reporting agencies. *See* 15 U.S.C. § 1692c(b). Thus, while the FDCPA provides that “[a] debt collector may not use unfair or unconscionable means *to collect*

*or attempt to collect any debt*", § 1692(f)) it does not required debt collectors to identify that the debt is disputed under the circumstances of this case.

While Plaintiff appears to argue that he *disputed* his debt to GEMB, and that GEMB should have reported this to the credit reporting agency, he is mixing apples and oranges by claiming that his refusal to pay his *lawfully incurred debt* can be disputed simply because he believes that GEMB should reimburse him for the alleged damaged collateral and/or missing property. Put another way, Plaintiff cannot manufacture an FDCPA violation by arguing that GEMB has not right to report his missed payments on the basis that Plaintiff has a collateral claim against GEMB for the alleged damaged collateral and/or missing property. Plaintiff owed the monthly installments to GEMB regardless of whether he thinks GEMB should reimburse him. The proper action would have been to continue to pay the debt (as agreed by the underling retail installment contract) and pursue a separate claim for the alleged damaged collateral and/or missing property. Plaintiff caused himself to be reported to the credit reporting agency by failing to keep up with his required payments. He cannot sue GEMB under the FDCPA for his folly. Under these facts, as a matter of law, GEMB did not violate the FDCPA and is entitled to dismissal.

Second, dismissal is proper because Plaintiff has failed to fully quote § 1692(f) which provides in full:

> (6) The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to--
>
> (A) lose any claim or defense to payment of the debt; or
>
> (B) become subject to any practice prohibited by this subchapter.

Given the context of Plaintiff's allegations, his claim should be dismissed because he has not alleged that the attempted repossession on June 4, 2007, caused him to "lose



6285616v1 883941

any claim or defense to payment of the debt" or "become subject to any practice prohibited by this subchapter."

Third, GEMB is also entitled to dismissal of Plaintiff's claim that one of its agents improperly attempted to repossess his RV on or about June, 2007. Complaint, ¶ 26. Plaintiff has selective memory. As noted above, Plaintiff represented to the bankruptcy court that he was "surrendering this property to the creditor." Exhibit E, p. 1, ¶ 5. Further, Plaintiff suffered no damages as he admits that his RV was not seized after he informed the agent that his bankruptcy was pending. Complaint, ¶ 10. Plaintiff effectively disavowed any interest in the RV and cannot complaint when Defendant's agents arrived to collect the RV.

Fourth, this claim should be dismissed to the extent Plaintiff is seeking damages for an alleged violation of an automatic bankruptcy stay that was presumably issued in relation to his original bankruptcy filing. The proper forum for this claim is the bankruptcy court. *See, e.g., Halas v. Platek*, 239 B.R. 784, 788-92 (N.D. Ill. 1999) (holding claim for sanctions for a violation of the automatic stay was within "exclusive jurisdiction" of the bankruptcy court pursuant to 28 U.S.C. § 1334(a) and 28 U.S.C. § 157(a)); *Budget Serv. Co. v. Better Homes of Virginia*, 804 F.2d 289, 292 (4th Cir. 1986) (holding that assessment of damages under 11 U.S.C. § 362(h) is a "core proceeding" over which a bankruptcy court has jurisdiction); *Pereira v. First North American Nat. Bank*, 223 B.R. 28, 31 (N.D. Ga. 1998) (holding that former debtor's attempt to recover for alleged violation of a stay had to be brought in bankruptcy court that issued the stay); *Kibler v. WFS Financial, Inc.*, 2000 WL 1470655, *2 (C.D. Cal. 2000) ("Plaintiffs' claims for violations of Section 524 and 362 of the Bankruptcy Code are proceedings with the jurisdiction of the Bankruptcy Court."); *Hawthorne v. Hameed, M.D.*, 836 P.2d 683, 686 (Okl. Ct. App. 1989) ("This [§

362(h)] matter should have been brought before the bankruptcy court for violation of its own order. This was the exclusive province of the bankruptcy court.”).[6]

For these reasons, Plaintiff’s FDCPA claims should be dismissed.

### C. The GEMB Employees Are Entitled to Dismissal

Plaintiff has sued GEMB’s employees for action identified in various attachments. Without elaboration on what wrongs they may have committed, Plaintiff appears to have sued them because he does not like the fact that they did not fully reimburse him for the alleged missing items and damaged property. The individual defendants should be dismissed for three reasons.

First, it is improper to include a defendant in a caption without linking that defendant to any allegations. *See, e.g Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."); (*Florian v. Sequa Corp.*, 2002 WL 31844985 at *3 n. 2 (N.D. Ill. 2002) (naming of defendant in the caption was not enough to state claim against that defendant). *See also, Rice v. Arnett,* 2006 WL 839440, *3 (S.D. Ill. 2006) ("Because Plaintiff makes no allegations against Scro and Wertz, the Court dismisses them from this action.").

Second, Plaintiff has failed to plead these claims with sufficient particularity because he has simply lumped his claims against unspecified “defendants.” This

---

6 To the extent that this Court finds that a § 362(h) claims can be brought in a district court proceeding, it would be proper to refer this case to the bankruptcy court. *See, e.g. Price v. Rochford*, 947 F.2d 829, 832 FN1 (7th Cir. 1991) (suggesting that “[a] claim for damages under Section 362(h) should probably have been referred to the bankruptcy court” under local rules and on the basis that such a § 362(h) claim is a “’core’ proceeding”); *In Re Madison*, 249 B.R. 751, 756 (N.D. Ill. 2000) (rejecting argument that bankruptcy court lacked jurisdiction action for damages for violation of automatic stay, holding, “a district court may refer such matters to bankruptcy courts”); *Kibler*, 2000 WL 1470655 at *2 (“this Court has the authority to refer Plaintiffs’ Bankruptcy Code claims to the Bankruptcy Courts of this district (citing cases).

method of pleading is improper. *See, e.g., Sears v. Likens,* 912 F.2d 889, 893 (7th Cir.1990) ("the complaint lump[ed] all the defendants together and [did] not specify who was involved in what activity."); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987) ("Each individual defendant can be liable only for what he or she did personally, not for any recklessness on the part of any other defendants, singly or as a group. Any defendant not alleged to be individually responsible for violation of Eades's constitutional rights should be dismissed from any amended complaint which plaintiff may file."); *Guy v. State of Illinois*, 958 F.Supp. 1300 (N.D. Ill. 1997) ("most of the allegations of differential treatment are generally asserted, failing to mention a defendant specifically by name, thereby lacking the element of personal involvement necessary for individual liability under § 1983.").

Third, Plaintiff cannot sue these individual employees for violations of the FDCPA as the Act "does not contemplate personal liability for shareholders or employees of debt collection companies who act on behalf of these companies ... [t]he debt collection company answers for its employees' violations of the statute." *Pettit v. Retrieval Masters Credit Bureau, Inc.,* 211 F.3d 1057, 1059 (7th Cir. 2000). *See also, White v. Goodman*, 200 F.3d 1016, 1019 (7th Cir. 2000); 15 U.S.C.A. § 1692a(6)(A).

## V. Conclusion

Plaintiff's Complaint should be summarily dismissed because he failed to properly disclose his claims before the bankruptcy court. Alternatively, an examination of each claim demonstrates that they are without merit and should be dismissed. The only claim that is not discussed in this motion is Count V, which is best dealt with via a motion for summary judgment should this Court decline to dismiss it on the basis of Plaintiff's failure to identify this claim during his bankruptcies.

WHEREFORE, Defendants GEMB LENDING, Inc. f/k/a THOR CREDIT CORPORATION respectfully requests that this case proceed in the Federal District Court for the Northern District of Illinois, Eastern Division, as an action properly removed to it.

Respectfully submitted,

By: /s/ James C. Vlahakis

One of the attorneys for Defendants, GEMB LENDING, Inc. f/k/a THOR CREDIT CORPORATION

James C. Vlahakis
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
312-704-3000
jvlahakis@hinshawlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2008, I electronically filed the above document with the Clerk of the Court using the CM/ECF system. I also certify that I will fax and/or e-mail notification of such filing(s) to all counsel and parties of record via the attached services list on January 3, 2008.

/s/ James C. Vlahakis
James C. Vlahakis
HINSHAW & CULBERTSON LLP
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601
312-704-3000
jvlahakis@hinshawlaw.com
Firm No. 90384

**SERVICE LIST**

**Kenneth Thompson**
6644 Maple Court
Monee, Illinois 60449
kenthompson@eliteosi.com

Robert Sharp, Jr. Esq.
The Sharp Law Offices, P.C.
180 North LaSalle Street
Suite 1916
Chicago, IL 60601
(312) 596-0283
lawofrsj@aol.com

**Shamrock Recovery, Inc.**
Kevin Hession
1234 N. Cedar Road
New Lenox, Illinois 60451
Fax: (815) 834-9070

**Adesa Indianapolis, Inc., Morgan Russ and Kathy Hopkins**
Howard Trafman, Esq.
Patrick Norris, Esq.
Meachum & Trafman
10 S. LaSalle Suite 2800
Chicago, IL 60603
Fax: (312)443-9282