**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KENNETH N. THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 08 C 00068 |
| CHRISTOPHER J. O'BRYANT, et al., | ) | |
| | ) | Judge Kocoras |
| Defendants. | ) | |

**DEFENDANT GEMB LENDING, INC.'S REPLY**
**IN SUPPORT OF ITS FRCP 12(B)(6) MOTION TO DISMISS**

Defendant, GEMB LENDING, Inc. (formerly known as THOR CREDIT CORPORATION), by and through its attorney, James C. Vlahakis, submits the following as its Reply in Support of its FRCP 12(b)(6) Motion to Dismiss:

## I. Introduction

Plaintiff's lawsuit relates to the repossession of a recreational vehicle ("RV"). Plaintiff's RV was repossessed on March 18, 2006 (after he fell behind in payments) and again on September 7, 2007 (after he withheld payments in response to alleged losses which he attributes to the first repossession). Complaint at ¶¶ 2-5, 7-8, 11. Plaintiff filed for chapter 13 bankruptcy on December 6, 2006 and his bankruptcy was dismissed on June 22, 2006. He filed a second bankruptcy petition on July 11, 2007 which was dismissed on November 16, 2007. Plaintiff did not raise any of the claims in his five count Complaint in either of his bankruptcy petitions on line 21 of his Schedule B. The omission of these claims is puzzling given the fact that he filed his present suit in state court within two weeks of emerging from bankruptcy.[1]

---

[1] Plaintiff has raised claims for conversion, negligent violation a bailment statute (765 ILCS 1015/3), and criminal theft. Complaint at Counts I, II and III. Plaintiff also claims that Defendant violated the Fair Debt Collections Practices Act ("FDCPA") when it attempted to repossess his RV while he was under bankruptcy protection, and when it allegedly failed to report that Plaintiff "disputed" his debt for alleged losses which he attributes to the first

## II. Plaintiff's Claims Are Barred by Estoppel

Plaintiff was required to identify all of his current legal claims in on line 21 of this Schedule B forms as "personal assets". *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006) ("a debtor in bankruptcy who denies owning an asset, including a chose [sic] in action or other legal claim, cannot realize on that concealed asset after the bankruptcy ends.").

### A. The Claims Which Arose During Plaintiff's 2006 Bankruptcy

Plaintiff's RV was repossessed on March 18, 2006. Complaint, ¶ 4. Plaintiff filed for chapter 13 bankruptcy on December 6, 2006. *See* Dkt. no. 11, Appendix of Exhibits, Exhibit B. While Plaintiff's original bankruptcy was pending, an employee of Defendant communicated to Plaintiff that his missed payments had been reported to a credit bureau. Complaint, ¶¶ 9, 24. Defendant allegedly attempted to repossess his RV on June 4, 2007, while his bankruptcy was pending. *Id.* at ¶¶ 10, 26. Plaintiff's December 2006 bankruptcy was dismissed June 22, 2007 Dkt. no. 11, Exhibit C.

Plaintiff did not identify any claims that he attributes to his March 18, 2006 repossession as contingent claims on line 21 of his December 2, 2006, Schedule B. *See* Dkt. no. 11, Exhibit B to, p. 10. In particular, Plaintiff did not identify his conversion claim. *See* Complaint, ¶ 5 and Exhibits 3 and 3.1 to Plaintiff's Complaint. Similarly, he did not identify his negligence or theft claims which are predicated on the March 2006 repossession. *See* Complaint, ¶¶ 7, 19, 21 (Counts II and III). Plaintiff also failed to identify his FDCPA claims related to the credit report and the attempted repossession. *Id.* at ¶¶ 9-10, 24, 26 (Count IV). Finally, Plaintiff did not identify his

---

repossession. Count IV at ¶¶ 23-26. Lastly, Plaintiff claims that Defendant violated the Illinois Retail Installment Sales Act. Count V.

claims predicated on alleged violations of the Retail Installment Sales Act which are alleged to have taken place from August 1, 2006, through the dismissal of his bankruptcy. *See* Complaint, ¶ 29 (Count V). Rather than identify these claims, he indicated "none" with a checkmark.

Although Plaintiff has attached documents to his Response to Defendant's Motion to Dismiss, these documents relate to his *second bankruptcy* and will be addressed below. Accordingly, it is undisputed that Plaintiff did not identify in his December 2006 bankruptcy any claims related to the March 18, 2006 repossession, nor did he identify any claims before his bankruptcy was dismissed on June 22, 2007.

**B. July 2007 Bankruptcy**

Plaintiff filed a second bankruptcy on July 11, 2007 which was dismissed on November 16, 2007. *See* Dkt. no. 11, Exhibit E, Group Exhibit F. Plaintiff alleges that Defendant *attempted* to repossess his RV on or about June 4, 2007. *See* Complaint, ¶ 10. Plaintiff's RV was repossessed on September 7, 2007 *Id.* at ¶ 11. Just like in his original bankruptcy, Plaintiff did not identify any of these causes of action (or any of the cases of action attributable to his March 2006 repossession) on line 21 of his July 11, 2007 Schedule B. *See* Motion to Dismiss, Exhibit E, p. 10. Again, he simply indicated "none" with a checkmark. *Id.*

Plaintiff has responded to Defendant's Motion to Dismiss by attaching his *Amended* Schedule B. *See* Plaintiff's Response, Exhibit A. However, a review of this document establishes that Plaintiff did not identify any of his causes of action on line 21 of his amended Schedule B. *Id.* at line 21. Rather, Plaintiff appears to argue that he properly disclosed unspecified claims on line 25 of his amended Schedule B. A closer examination reveals that line 25 simply required him to identify vehicular assets as line 25 identifies: "[a]utomobiles, trucks, trailers, and other vehicles and

accessories." On this line he identifies the value for his RV at of $19,000, minus $6611.64 which he identifies as monies related to "theft/damage due to repossession." *See* Plaintiff's Response, Exhibit A, line 25. Aside from the vague reference to "theft/damage due to repossession," Plaintiff has failed to identify any of his claims for conversion or violations of the FDCPA, 765 ILCS 1015/3, 720 ILCS 5/16-1(a) (for damages over $10,000), or the Illinois Retail Installment Sales Act.

Plaintiff's reference to Exhibit B of his Response is misplaced as *Amended* Schedule D is simply an identification of his *creditors*. Furthermore, he did not disclose any of his current claims in this schedule. While Plaintiff appears to argue that his is not required to identify his claims with any detail, this argument is incorrect. *Cannon-Stokes*, 453 F.3d at 447 ("the schedule calls for them, leaving no room for quibbles."). *Cannon-Stokes* rejected a plaintiff's attempt to conceal a sizeable claim. *Id.* at 448 ("It is impossible to believe that such a sizeable claim-one central to her daily activities at work-could have been overlooked."). Here, it would be improper to allow Plaintiff to hide or minimize numerous claims by grouping them under a broad label on the wrong line of her Schedule B.[2]

**C. Plaintiff Had a Duty to Disclose His Claims to the Bankruptcy Court**

While Plaintiff claims that he placed Defendant on notice of his intent bring certain unspecified claims (Response, page 2, ¶ 4), this does not absolve him of his obligation to specifically identify his claims to the bankruptcy court, the bankruptcy

---

[2] Although Plaintiff argues that he sufficiently described a claim for damages in the amount of $6611.64 for "theft/damage due to repossession" (Response, page 2, ¶3), he does not go so far as to argue that his self-reported reduction of the value of the RV on line 25 of his schedule of vehicular assets was intended to identify any cause of action, under line 21. If that was his intended argument, it must be rejected as it would undermine the requirement that debtors fully and accurately identify their potential claims. *See* Section D.

trustee and other creditors. *See, e.g., Cannon-Stokes*, 453 F.3d at 447 ("the trustee abandoned any interest in this litigation, so the creditors are out of the picture and we must decide whether Cannon-Stokes may pursue the claim for her personal benefit."); *Cannon-Stokes v. Potter*, 2004 WL 407014, *2, (N.D .Ill. 2004) ("During the pendency of her bankruptcy action, Cannon-Stokes did not disclose to the trustee or the court her pending administrative claim for employment discrimination against the USPS."); *Polis v. Getaways, Inc.*, 2001 WL 185481, * 2 (N.D. Ill) ("once the bankruptcy petition is filed, the debtor no longer has standing to prosecute pre-petition claims and, thereafter, only the trustee can evaluate and administer the property.").

Here, it is possible that the bankruptcy court and/or Plaintiff's creditors would have reacted differently to his bankruptcy files had he properly disclosed his myriad of claims. Plaintiff's argument that he should also be excused from fully identifying his assets to Defendant and the bankruptcy court should also be rejected because has cited to no authority to support his argument.

**D. Plaintiff Knew of the Existence of These Claims**

Plaintiff's argument that he could not identify these claims in his Schedule B because they "did not exist" (Response, page 2, ¶ 5) is undermined by the fact that he filed suit in the Circuit Court of Cook County within two weeks of the dismissal of his most recent bankruptcy. This argument is also undermined by his argument that he claims to have repeatedly complained to Defendant's employees about issues related to his repossessions. *See* Response, 2, ¶ 4. *See* also, Complaint, ¶¶ 6 and 8 (citing various communications to Defendant's employees and his tender of a proposed five count lawsuit). Aside from citing absolutely no authority to support this argument, Plaintiff's argument is also foreclosed by *Cannon-Stokes* which discussed the fact that

the plaintiff in that action concealed a known discrimination claim during her bankruptcy proceedings. *Cannon-Stokes*, 453 F.3d at 447.

Further, an examination of the Complaint demonstrate that these various causes of action accrued before and during his various bankruptcy filings.[3] Plaintiff conversion, negligence and theft claims accrued the moment his RV was repossessed, when he picked up his RV and noticed the allegedly missing items, and when the alleged FDCPA violations took place. *See* Complaint, at ¶¶ 4, 7, 9, 10, 11. Second, Plaintiff has pled himself out of Court by alleging that he repeatedly complained to Defendant about the losses he attributes to repossessions and the purported FDCPA violations. *Id.* at ¶¶. 4, 7-12. His retail installment claim accrued when he allegedly failed to receive certain documentation.

For these reasons, Plaintiff's self-serving and unsupported argument that he could not have identified and/or brought these claims during his bankruptcies should be summarily rejected. *See, e.g., Back v. Town of Cloverdale*, 2001 WL 987832, *3-*4 (S.D. Ind. 2001) ("Plaintiff has offered absolutely no explanation for his failure to list his civil rights claim in the prior bankruptcy proceeding."). Accordingly, there are no grounds for Plaintiff to claim that "there was no reason" for him to list these claims simply because no lawsuit had been filed. *See, e.g., Cannon-Stokes*, 453 F.3d at 448 ("It is impossible to believe that such a sizeable claim-one central to her daily activities at work-could have been overlooked.").

---

[3] Federal law governs when a cause of action has accrued. *Kelly v. City of Chicago*, 5 F.3d 509, 511 (7th Cir. 1993). A claim accrues when a "plaintiff 'knows or should have known' that his rights were violated." *Id.*

### E. Plaintiff's Behavior Should Not Be Condoned

Plaintiff's conduct in failing to properly disclose her claims cannot be condoned by this Court where his most recent demand exceeds both the original amount of the alleged losses/theft attributable to the first repossession (approximately $6,0000) and the amount of his debt to Defendant.[4] The Seventh Circuit criticized a similar attempt to raise a large claim after a plaintiff emerged from bankruptcy:

> A doctrine that induces debtors to be truthful in their bankruptcy filings will assist creditors in the long run (though it will do them no good in the particular case)-and it will assist most debtors too, for the few debtors who scam their creditors drive up interest rates and injure the more numerous honest borrowers. Judicial estoppel is designed to "prevent the perversion of the judicial process."

*Cannon-Stokes*, 453 F.3d at 448 (citations omitted). Here, Plaintiff has offered no explanation as to why he did not properly identify his claims and he has not attempted to excuse his conduct by amending line 21 of either bankruptcy filing.[5]

## III. The Merits

Plaintiff has waived any response to Defendant's merits-based arguments. Further, he does not have a free right to amend his complaint pursuant to FRCP 15(a) in light of the fact that co-defendant ADESA has filed an answer. Finally, Plaintiff has failed to tender an amended complaint, which alone may warrant rejection of his

---

[4] While FRE 408 precludes Defendant from disclosing Plaintiff's pre-removal demand, suffice it to say, Plaintiff's demand prompted the present motion. As of today's date, Plaintiff has failed to make a revised settlement demand, despite being ordered to do so. By happenstance, defense counsel bumped into Plaintiff's counsel on the street today and reminded him to make a demand.

[5] As a final matter, Plaintiff does not dispute that it is proper for this Court to dismiss the individual defendants despite the absence of service against them. *See, e.g., Bonny v. The Society of Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993) ("A court may take this *sua sponte* action "where nonmoving defendants are in a position similar to that of moving defendants or where the claims against all the defendants are integrally related."). To the extent Plaintiff is suggesting that he properly disclosed these claims against the as yet unserved employees, this argument must be rejected. Nowhere in Plaintiff's bankruptcy filings does he identify the individual employees (Christopher J. O'Bryant, Jason Crouch, Marlene Hammer, Suzanne McConnell, Diana P. Verdin). Accordingly, they are entitled to dismissal.

request. *See, e.g., Crestview Vill. Apartments v. United States Dep't Hous. & Urban Dev.,* 383 F.3d 552, 557-58 (7th Cir.2004).

Further, judgment should be entered in Defendant's favor because Plaintiff's amendments would be futile. *See, e.g., U.S. ex rel. Fowler v. Caremark RX, L.L.C.*, 496 F.3d 730, 740 (7th Cir. 2007); *Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993). Here, as discussed in Defendants' Motion to Dismiss, Plaintiff cannot amend the Complaint in a manner to survive a motion to dismiss.[6]

WHEREFORE, Defendants GEMB LENDING, Inc. f/k/a THOR CREDIT CORPORATION respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

By: /s/ James C. Vlahakis

One of the attorneys for Defendants, GEMB LENDING, Inc. f/k/a THOR CREDIT CORPORATION

James C. Vlahakis
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
312-704-3000
jvlahakis@hinshawlaw.com

---

6 In the "interests of judicial economy," a court should exercise supplemental jurisdiction and dismiss a plaintiff's state-law claims where the state law claims arise "out of the same set of facts." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500-01 (7th Cir. 1999). *Groce,* reaffirmed the notion that "federal-state comity is certainly not served by sending back to state court 'doomed litigation' that will only be dismissed once it gets there." *Id.* at 502; *see also, Martin-Trigona v. Champion Federal Savings & Loan Ass'n,* 892 F.2d 575, 578 (7th Cir. 1989) ("clear that the pendent claim can be decided in only one way, the district judge can and should decide it, to save the time of the state court."); *Van Harken v. City of Chicago*, 103 F.3d 1346, 1354 (7th Cir. 1997) ("If however, an interpretation of state law that knocks out the plaintiff's state law claim is obviously correct, the federal judge should put the plaintiff out of his misery then and there, rather than burdening the state courts with a frivolous case").

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2008, I electronically filed the above document with the Clerk of the Court using the CM/ECF system. I also certify that I will fax and/or e-mail notification of such filing(s) to all counsel and parties of record via the attached services list on March 17, 2008.

/s/ James C. Vlahakis
James C. Vlahakis
HINSHAW & CULBERTSON LLP
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601
312-704-3000
jvlahakis@hinshawlaw.com
Firm No. 90384

**SERVICE LIST**

**Shamrock Recovery, Inc.**
Kevin Hession
1234 N. Cedar Road
New Lenox, Illinois 60451
Fax: (815) 834-9070

**Adesa Indianapolis, Inc., Morgan Russ and Kathy Hopkins**
Patrick Norris, Esq.
Meachum & Trafman
10 S. LaSalle Suite 2800
Chicago, IL 60603
Fax: (312)443-9282