**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KENNETH N. THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 00068 |
| v. | ) | |
| | ) | Judge Kocoras |
| CHRISTOPHER J. O'BRYANT, et al., | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT GEMB LENDING, INC.'S COMBINED MOTION TO STRIKE PLAINTIFF'S COMPLAINT, MOTION FOR RULING ON PENDING MOTION TO DISMISS, AND IN THE ALTERNATIVE, MOTION TO DISMISS AMENDED COMPLAINT**

NOW COMES the Defendant, GEMB LENDING, Inc. (formerly known as THOR CREDIT CORPORATION), by and through its attorney, James C. Vlahakis, and pursuant to FRCP 12(b)(6) and 12(f), moves to strike Plaintiff's proposed Amended Complaint (dkt no. 21-2) and dismiss Plaintiff's Complaint with prejudice:

## I. Introduction

1. Plaintiff has responded to Defendant's Motion to Dismiss and Memorandum of Law in Support (dkt. nos. 8 and 9) by filing an proposed Amended Complaint ("PAC") which asserts a new cause of action under the Illinois Consumer Fraud and Deceptive Practices Act ("Consumer Fraud Act"). *See* PAC, Counts VI (Exhibit B). The PAC also separates out two prior claims involving the Fair Debt Collections Practices Act ("FDCPA") where the original Complaint had identified the two claims in Count IV. *See* PAC, Counts III and IV. The PAC deletes a claim for criminal theft which was alleged in Count III of the original Complaint.

2. Plaintiff's Proposed Amended Complaint should be stricken or dismissed because it suffers from the same flaw as the original Complaint; Plaintiff failed to disclose any of his claims on at line 21 of his bankruptcy schedules during *two* separate bankruptcy filings. Alternatively, this Court should rule on the pending

Motion to Dismiss as Plaintiff's PAC does not omit any of the claims that are subject to the Motion and because it seeks to add a new claim which suffers from the same defense.

3. Plaintiff's filing of a proposed amended Complaint under these circumstances constitutes a violation of 28 U.S.C. § 1927.

## II. Background/Summary of Facts

4. Plaintiff filed a five count Complaint against GEMB LENDING, Inc. ("GEMB"), five of its employees, and various other entities and individual employees in the Circuit Court of Cook County, Illinois, stemming from the repossession of a recreational vehicle ("RV") that he purchased. Complaint at ¶¶ 2-5 (Exhibit A); PAC ¶¶ 2-5. Plaintiff's RV was repossessed on two occasions (March 18, 2006 and September 7, 2007) after he failed to make timely installment payments to GEMB. Complaint at ¶¶ 4, 11; PAC ¶¶ 7, 14.

5. Plaintiff claims that certain items to be damaged or lost during the first repossession. Complaint, ¶¶ 7-8, 21; PAC ¶¶ 10-11. Plaintiff had communications with various individuals about the allegedly lost and/or damaged property and stopped making payments in protest which resulted in the second repossession. PAC ¶ 31, 24. Plaintiff also claims that Defendants violated a bankruptcy stay when they attempted to repossess his RV on or about June 4, 2007, and that Defendants communicated false information to a credit reporting agency. Complaint at ¶¶ 23-26; PAC ¶¶ 13.

6. The original Complaint asserted the following causes of action: Count I – Conversion; Count II - Negligence; Count III – Theft; Count VI – Violation of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692; and Count V – Violation of Retail Installment Sales Act. Complaint, pp. 4-9. This case was removed from the

Circuit Court of Cook County because Plaintiff has filed a claim under the FDCPA. *See* 28 U.S.C. § 1441(a).

7. The proposed Amended Complaint asserts identical causes of action with the addition of a Consumer Fraud Act in Count VI. The only other substantive changes are the fact that Plaintiff has separated out his two FDCPA claims into two Counts, Counts III and IV) and he has eliminated his claim predicated on criminal theft (Count III of the original Complaint). *See* Proposed Amended Complaint, pp. 4-9.

**III. Standard of Review**

8. A motion dismiss should allow a court to "determine at the outset of the litigation, before costly discovery is undertaken, whether the plaintiff has any tenable theory or basis of suit." *Ryan v. Mary Immaculate Queen Center,* 188 F.3d 857, 860 (7th Cir.1999).

9. As Defendant ADESA has answered the original Complaint, Plaintiff does not have a free right to amend his Complaint. Rather, he must seek leave of court.

10. A plaintiff who proposes to amend a complaint after the defendant has filed a potentially dispositive motion "may be maneuvering desperately to stave-off the immediate dismissal of the case." *Cowen v. Bank United of Texas, F.S.B.*, 70 F.3d 937, 944 (7th Cir. 1995). Accordingly, FRCP 15(a) provides that courts "have broad discretion to deny motions to amend in cases of undue delay, bad faith or dilatory motives, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice or futility." *Garner v. Kinnear Manufacturing Co.*, 37 F.3d 263, 269 (7th Cir. 1994). *See also, Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1990).

11. Here, Defendant is entitled to dismissal because Plaintiff failed to disclose any of his claims on at line 21 of his bankruptcy schedules during two separate bankruptcy filings. *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir.

2006) ("a debtor in bankruptcy who denies owning an asset, including a chose [sic] in action or other legal claim, cannot realize on that concealed asset after the bankruptcy ends.").

12. Further, a motion to strike should be granted to strike any pleading which is "redundant, immaterial, [or] impertinent." FRCP 12(f). Here, the proposed Amended Complaint should be stricken because there is no legitimate basis for it to have been filed. Given the bankruptcy related defense asserted by Defendant, the proposed Amended Complaint and its claims for punitive damages is "redundant, immaterial, [or] impertinent."

**IV. Summary of Arguments**

13. For the sake of judicial economy, Defendant moves to adopt its original Motion to Dismiss. This Motion asserted that Plaintiff's Complaint should be dismissed with prejudice because he failed to disclose any of his claims on at line 21 of his bankruptcy schedules during *two* separate bankruptcy filings. *Cannon-Stokes*, 453 F.3d at 448.

14. Plaintiff's response to the Motion to Dismiss tried to skirt around this glaring deficiency by suggesting that he had "disclosed" his claim by way of a passing reference to the alleged "theft" in *one of his bankruptcy* schedules where he identified the amounts *owed to his creditors*. Defendant's Reply explained why Plaintiff's argument is without merit.

15. To date, Plaintiff has never bothered to amend his schedules and the PAC does not solve this fatal deficiency.

16. As for Plaintiff's new claim for violations of the Illinois Consumer Fraud Act, this claim is also without merit as it was never identified in either of his two line 21 schedules. Further, Plaintiff's invocation of the Consumer Fraud Act is without

merit as the Act does not apply to every misstatement or "every wrong caused to a consumer." *Skyline International Development v. Citibank, F.S.B.*, 706 N.E.2d 942, 946 (1st Dist. 1998). In reversing the trial court's entry of summary judgment in favor of the plaintiff bank customer, the court in *Skyline* found that an employee's misstatement that he believed a wire transfer could be canceled upon his request was "not the type of misstatement that rises to the consumer protection concerns the Act was intended to address." *Id.*

17. Additionally, this claim should be dismissed because Plaintiff has failed to allege it with the required leve of "particularity and specificity." *Connick v. Suzuki Motor Co.,* 675 N.E.2d 584, 593 (1996). Rather, Plaintiff merely referenced unidentified conversations and written communications with certain employees of Defendant over a nine month period of time. *See* PAC, ¶ 31. This is woefully insufficient. *See, e.g., Gallagher Corp. v. Massachusetts Mut. Life Ins. Co.,* 940 F.Supp. 176, 180 (N.D.Ill.1996) (dismissing Consumer Fraud claim under Rule 9(b)).

18. Defendant also moved to dismiss the claim on the merits, arguing that Plaintiff had failed to state a claim for conversion, negligence, theft and the FDCPA. Plaintiff's proposed Amended Complaint *does not address* any of the merits based arguments with the exception of dropping the criminal theft claim. As such, Defendant's Motion to Dismiss should be heard as to these alternative merits-based defenses.

19. Finally, Defendant moved to dismiss Plaintiff's FDCPA claim which was premised on a purported violation of a bankruptcy stay. Jurisdiction for alleged violations of bankruptcy stays rest exclusively with the bankruptcy court. *See, e.g., See, e.g., Halas v. Platek*, 239 B.R. 784, 788-92 (N.D. Ill. 1999) (holding claim for sanctions for a violation of the automatic stay was within "exclusive jurisdiction" of the

bankruptcy court pursuant to 28 U.S.C. § 1334(a) and 28 U.S.C. § 157(a)). Again, Plaintiff's proposed Amended Complaint *does not* address this argument.

## V. Plaintiff Should Be Sanctioned Pursuant to 28 U.S.C. § 1927 and This Court's Inherent Powers

20. To date, Plaintiff has yet to make a global demand despite instructions from this Court to do so. Rather, he now seeks compensatory and punitive damages that both exceed the initial purchase price of his RV.

21. Plaintiff's effort to avoid dismissal is misguided and constitutes a flagrant disregard for well established law. Under Section 1927, any person who unreasonably and vexatiously multiplies the proceedings in any case may be required by the court "to satisfy personally the excess costs, expenses and attorneys' fees incurred because of such conduct." 28 U.S.C. §1927. *See, also, Burda v. M. Ecker Co.*, 2 F.3d 769, 777-79 (7th Cir. 1997) ("Section 1927 imposes a continuing duty on counsel to dismiss claims that are no longer viable"); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 n. 8 (1991) (the court may initiate sanctions proceedings under the Federal Rules of Civil Procedure sua sponte); *Johnson v. Cherry*, 422 F.3d 540, 551-52 (7th Cir. 2005) (the court may impose sanctions sua sponte under § 1927 or the court's inherent powers as long as it provides notice and an opportunity to be heard).

22. Here, Plaintiff has multiplied the proceedings in the first instance by filing the underlying cause of actions and by attempting to amend the Complaint to include frivolous claims.

WHEREFORE, Defendant GEMB LENDING, Inc., f/k/a THOR CREDIT CORPORATION, respectfully requests that this Honorable Court strike Plaintiff's proposed Amended Complaint and dismiss Plaintiff's Complaint with prejudice. Alternatively, Defendant requests that this Honorable Court dismiss Plaintiff's

Proposed Amended Complaint.

Respectfully submitted,

By: /s/ James C. Vlahakis

One of the attorneys for Defendants, GEMB LENDING, Inc. f/k/a THOR CREDIT CORPORATION

James C. Vlahakis
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
312-704-3000
jvlahakis@hinshawlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2008, I electronically filed the above document with the Clerk of the Court using the CM/ECF system. I also certify that I will fax and/or e-mail notification of such filing(s) to all counsel and parties of record via the attached services list on April 17, 2008.

/s/ James C. Vlahakis
James C. Vlahakis
HINSHAW & CULBERTSON LLP
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601
312-704-3000
jvlahakis@hinshawlaw.com
Firm No. 90384

**SERVICE LIST**

**Shamrock Recovery, Inc.**
Kevin Hession
1234 N. Cedar Road
New Lenox, Illinois 60451
Fax: (815) 834-9070

**Adesa Indianapolis, Inc., Morgan Russ and Kathy Hopkins**
Howard Trafman, Esq.
Patrick Norris, Esq.
Meachum & Trafman
10 S. LaSalle Suite 2800
Chicago, IL 60603
Fax: (312)443-9282