**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KENNETH N. THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>Christopher J. O'Bryant, Jason Crouch, Marlene Hammer, Suzanne McConnell, Diana P. Verdin, GEMB LEDING, Inc f/k/a THOR CREDIT CORPORATION, SHAMROCK RECOVERY SERVICES, INC., UNKNOWN TRANSPORTATION COMPANY, ADESA INDIANAPOLIS, INC, MORGAN RUSS, KATHY HOPKINS<br><br>Defendants. | ) | No. 08 C 00068<br><br>Judge Kocoras |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Now Comes the Plaintiff, KENNETH THOMPSON, by and through his attorney of record, Robert Sharp, Jr., and complains against the defendants, Christopher J. O'Bryant, Jason Crouch, Marlene Hammer, Suzanne McConnell, Diana P. Verdin, GEMB LEDING F/K/A THOR CREDIT CORPORATION, SHAMROCK RECOVERY SERVICES, INC., UNKNOWN TRANSPORTATION COMPANY, ADESA INDIANAPOLIS, INC., concerning the following legal and equitable matters:

## JURISDICTIONAL STATEMENT

This action was originally filed in state court in the Circuit Court of Cook County Illinois, and jurisdiction over the violations alleged herein has been specifically conferred on this Honorable Court by 28 U.S.C. §§ 1331, 1441(b) and 1446.

## ALLEGATION OF FACTS COMMON TO ALL COUNTS

1. Defendants, THOR CREDIT CORPORATION "THOR" is an Illinois corporation with its principle place of business at 3355 Michelson Drive. Suite 350, Irvine, CA with a registered agent at 208 South LaSalle Street, Suite 814, in the City of Chicago, County of Cook and the State of Illinois and Christopher J. O'Bryant, Jason Crouch, Marlene Hammer, Suzanne McConnell and Diana P. Verdin are employees and/or agents of THOR CREDIT CORPORATION which is a Subsidiary of GEMB Lending.

2. SHAMROCK RECOVERY SERVICE, INC., "SHAMROCK" is an Illinois corporation with its principle place of business at 20649 Gaskin in the City of Lockport, County of Will and the State of Illinois with a registered agent located at 1234 N. Cedar Road, New Lenox Illinois.

3. UNKNOWN transportation company, operating as a vendor on behalf of THOR and/or SHAMROCK, location unknown, transported plaintiff's trailer from SHAMROCK to ADESA operating in the capacity of a transportation company.

4. ADESA Indianapolis, Inc "ADESA" is an Indiana corporation with its principle place of business at 2950 E Main Street, Plainfield, IN and Morgan Russ and Kathy Hopkins are employees and/or agents for ADESA Indianapolis, Inc.

5. On March 18, 2005, plaintiff, Kenneth Thompson entered into a written, Retail Installment ("contract") with Abel RV Center, whereby plaintiff purchased a 2004 Paradise Point 36 foot trailer home manufactured by Crossroads with a gross weight of over 10,0000 lbs., and registered in the State of Illinois with VIN #4VOTC36275AOO2110 ("The Vehicle"), Illinois plate number 423540RT.

6. On or around March 18, 2005, and as part of the above described transaction, Abel RV Center sold, assigned and transferred to movant all its right, title and interest in and to the subject vehicle.

7. On or around March 18, 2006, one year later, defendant and it's agents repossessed the vehicle and accelerated the contract demanding payment in full of $23,973.89.

8. Plaintiff, KENNETH THOMPSON, requested defendants comply with the Illinois Redemption Statute, i.e., 815 ILCS 405/26, from Ch. 121 ½, par. 526, that allows a consumer to redeem their vehicle if 30% of the contract price had already been paid at time of repossession. During the three months subsequent to the date of repossession, plaintiff made several demands to reedmen his vehicle and defendants wrongfully refused to surrender Plaintiffs vehicle.

9. On or around July 6, 2006, plaintiff prepared a five (5) count lawsuit against defendant and faxed an unfiled copy to defendant's legal department. Defendant then notified plaintiff and began negotiations to return plaintiff's vehicle.

10. On August 7, 2006, plaintiff traveled to defendant's vendor, ADESA Indianapolis, Inc., in Indianapolis, Indiana, to retrieve his vehicle and tender the required sum of $1,642.92. At which time plaintiff was unable to remove his vehicle from defendants' location because the vehicle had been subject to theft and removal of manufactured installed equipment. Plaintiff then requested to speak to a manager and defendant's (Morgan Russ and Kathy Hopkins) examined the vehicle, took notes of personal property and damage to the vehicle. Defendants then provided plaintiff with a location in the immediate area that would sell the necessary towing equipment so that plaintiff could secure his vehicle from further theft or damage.

11. Plaintiff has had verbal and written communication via, phone, fax and email to and from defendant's agents and or employees (Christopher J. O'Bryant, Jason Crouch, Marlene Hammer and Suzanne McConnell) during a period starting August 7, 2006 until September 5, 2007, in efforts to resolve the damage and theft that resulted from the repossession of March 18, 2005.

12. On March 8, 2007, defendant's agent Diana P. Verdin mailed plaintiff a communication that stated: *"This is not an attempt to collect a debt."* And *"We have told a credit bureau about a late payment, missed payment..." (See Exhibit A)* Defendants knew or

should have known that plaintiff had a pending dispute with the alleged amount of the debt due and that defendant's agent, Marlene Hammer was resolving the dispute.

13. On or around June 4, 2007, defendant's agents attempted to repossess plaintiff's vehicle. A repossession agent arrived at plaintiffs home and engaged in efforts to repossess plaintiff's vehicle. Plaintiff provided defendant's agent with proof of a plaintiff's bankruptcy filing and defendant's agent verified the information and exited plaintiff's property 45 minutes later.

14. On or around September 7, 2007, Rendered Services, Inc, illegally towed plaintiff's vehicle and plaintiff immediately thereafter retained legal representation and filed a cause of action against Rendered Services, Inc.

15. On November 2, 2007, plaintiff provided defendant's Thor Attorney, Kenneth B. Drost with proof of full coverage insurance and a copy of the filed lawsuit against Rendered Services. Defendant wrongfully repossessed plaintiff's vehicle.

## COUNT I – CONVERSION

Plaintiff, KENNETH THOMPSON, restates and realleges paragraphs 1 through 15 of his common allegations as paragraphs 16 through 20 of Count I.

16. The defendant "THOR" by its' actions, exercised and continues to exercise unauthorized control over plaintiff's vehicle.

17. Defendant "THOR" filed a proof of claim in plaintiffs Bankruptcy action on October 31, 2007, for an arrearage amount of $2,539.90 even though defendant knew that plaintiff had spent over $6,000.00 dollars to repair the vehicle as a result of the negligence and theft caused and committed by defendant's agents.

18. Defendant "THOR" exercised an unauthorized control over plaintiff's vehicle, even though plaintiff had an absolute right to the property and a right to immediate possession at all relevant times. Plaintiff also made a demand for the return of his property.

19. By seizing plaintiff's vehicle without authority, "THOR" converted plaintiff's vehicle to its own use.

20. By refusing to relinquish the vehicle, when it had no authority to seize the vehicle, "THOR" committed the tort of conversion.

**WHEREFORE,** plaintiff prays that this court grant him the following relief:

A. Order defendant "THOR" to immediately and unconditionally return the vehicle into plaintiff's possession;

B. Grant damages to plaintiff for the loss and use of the vehicle and for any necessary repairs, including failure to winterize the vehicle;

C. Grant punitive damages to plaintiff for the unlawful taking of the vehicle and to deter defendant from engaging in this type of conduct in the future in an amount of $50,000.00; and,

D. Grant plaintiff compensation for his expenses and cost to pursue this action.

## COUNT II – NEGLIGENCE

Plaintiff, KENNETH THOMPSON, restates and realleges paragraphs 1 through 20 of his allegations as paragraphs 21 through 22 of Count II.

21. There was in full force and effect, at all relevant times, 765 ILCS 1015/3) sec 3, which provides in pertinent part:

a. "In the case of loss or damage of a bailor's property while in such a bailee's possession or control and the bailee has represented to the bailor that he would be indemnified for loss in such case, and no statement has been furnished to the bailor as required by section 1 hereof, the bailee shall be liable ..."

22. During the repossession of March 2006 the bailment was for the benefit of the bailee and the bailor, the bailee, defendants "THOR", "SHAMROCK", "UNKNOWN TRANSPORTATION" and "ADESA" all owed plantiff/bailor a duty of reasonable and ordinary care which was breached and caused plantiff/bailor to suffer damages in excess of $6,611.00.

**WHEREFORE**, plaintiff prays this court grant him the following relief:

E. Order defendants THOR", "SHAMROCK", "UNKNOWN TRANSPORTATION" and "ADESA" to immediately and unconditionally return the vehicle to plaintiff's possession;

F. Grant damages to plaintiff for the loss and use of the vehicle and for any necessary repairs including failure to winterize the vehicle;

G. Grant punitive damages to plaintiff for the unlawful taking of the vehicle and to deter defendant from engaging in this type of conduct in the future in the amount of $50,000.00; and,

H. Grant plaintiff compensation for his expenses and cost to pursue this action.

**COUNT III- VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**(FDCPA) 15 U. S. C § 1692**

Plaintiff, KENNETH THOMPSON, restates and realleges paragraphs 1 through 22 of his allegations as paragraphs 23 through 27 of Count III.

23. There was in full force and effect, at all relevant times, wherein Defendants and defendant's agents were governed by the Fair Debt Collection Practices Act, (15 U.S.C.1692e) 807. False and Misleading Representations (8).

a. (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a debt is disputed.

24. On March 8, 2007, defendant "THOR" through its' agent, Diana P. Verdin, mailed plaintiff a communication that stated, *"This is not an attempt to collect a debt."* and *"We have told a credit bureau about a late payment, missed payment ..."* (See Exhibit A) Defendant

knew or should have known that plaintiff had a pending dispute regarding the alleged debt and the amount due and that defendant's agent, Marlene Hammer was resolving the dispute.

**WHEREFORE,** plaintiff prays this court grant him the following relief:

I. Order defendant "THOR" and "SHAMROCK" to immediately and unconditionally return the vehicle to plaintiff's possession;

J. Grant damages to plaintiff for the loss and use of the vehicle and for any necessary repairs including failure to winterize the vehicle;

K. Grant statutory damages as allowed by law ($1,000.00 per lawsuit);

L. Grant punitive damages to plaintiff for the unlawful taking of the vehicle and to deter defendant from engaging in this type of conduct in the future in the amount of $50,000.00; and,

M. Grant plaintiff compensation for his expenses and cost to pursue this action.

**COUNT IV- VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U. S. C § 1692**

Plaintiff, KENNETH THOMPSON, restates and realleges paragraphs 1 through 24 of his allegations as paragraphs 25 and 26 of Count IV.

25. There was in full force and effect, at all relevant times, wherein defendants and defendant's agents were governed by the Fair Debt Collection Practices Act, (15 U.S.C.1692e) 808 Unfair Practices (15 U.S.C 1692e) (6).

(6) Taking or threatening to take any non judicial action to effect dispossession or disablement of property

26. During the pendency of plaintiff's active bankruptcy case, Case No. (06B16071) defendant "THOR" and "SHAMROCK" through their agents, attempted to take action that they

knew or should have known was not legally allowed, to wit: on or around June 4, 2007, defendant's agents attempted to repossess plaintiff's vehicle without legal authorization from a bankruptcy judge.

**WHEREFORE,** plaintiff prays this court grant him the following relief:

N. Order defendant "THOR" and "SHAMROCK" to immediately and unconditionally return the vehicle to plaintiff's possession;

O. Grant damages to plaintiff for the loss and use of the vehicle and for any necessary repairs including failure to winterize the vehicle;

P. Grant statutory damages as allowed by law ($1,000.00 per lawsuit);

Q. Grant punitive damages to plaintiff for the unlawful taking of the vehicle and to deter defendant from engaging in this type of conduct in the future in the amount of $50,000.00; and,

R. Grant plaintiff compensation for his expenses and cost to pursue this action.

**COUNT V. VIOLATION OF (815 ILCS 405/) Retail Installment Sales Act.**

Plaintiff, KENNETH THOMPSON, restates and realleges paragraphs 1 through 27 of his allegations as paragraphs 28 through 30 of Count V.

27. There was in full force and effect, at all relevant times wherein Defendants and defendant's agents were governed by 815 ILCS 405, Retail Installment Sales Act.

28. Agreement requirements. (815 ILCS 405/25)

(b) The seller under a holder of a retail charge agreement must promptly supply the buyer under the agreement, as of the end of each monthly period (which need not be a calendar month) or other regular period agreed upon by the seller and the buyer in which there is any unpaid balance under that agreement, a statement reciting the following terms (although not necessarily in the sequence stated):

(1) the unpaid balance under the retail charge agreement at the beginning and end of the period.

29. Defendant "THOR" failed to provide plaintiff with a monthly statement outlining the balance due and/or any alleged past due payments (August 1, 2006 to September 30, 2007) 13 months subsequent to this complaint.

**WHEREFORE**, plaintiff prays this court grant him the following relief:

S. Order defendant "THOR" to immediately and unconditionally return the vehicle to plaintiff's possession;

T. Grant damages to plaintiff for the loss and use of the vehicle and for any necessary repairs including failure to winterize the vehicle;

U. Grant punitive damages to plaintiff for the unlawful taking of the vehicle and to deter defendant from engaging in this type of conduct in the future in the amount of $50,000.00; and,

V. Grant plaintiff compensation for his expenses and cost to pursue this action.

**COUNT VI. VIOLATION OF ILINOIS CONSUMER FRAUD**
**AND DECEPTIVE BUSINESS PRACTICES ACT.**

Plaintiff, KENNETH THOMPSON, restates and realleges paragraphs 1 through 29 of his allegations as paragraphs 30 through 32 of Count VI.

30. There was in full force and effect, at all relevant times wherein defendants and defendant's agents were governed by 815 ILCS 505 /2, which provides in relevant part: "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation …"

31. Plaintiff has had verbal and written communication via, phone, fax and email to and from defendants agents and or employees (Christopher J. O'Bryant, Jason Crouch, Marlene

Hammer and Suzanne McConnell) during a period starting August 7, 2006 until September 5, 2007, in efforts to resolve the damage and theft that resulted from the repossession of March 18, 2005.

32. Defendant "THOR" continuously represented to plaintiff their intentions to resolve the theft that had occurred from their March 2006 repossession, but during 9 months of communication, defendant mislead plaintiff and ultimately repossessed plaintiff's vehicle without compensating plaintiff for his loss.

**WHEREFORE**, plaintiff prays this court grant him the following relief:

W. Order defendant "THOR" to immediately and unconditionally return the vehicle to Plaintiff's possession;

X. Grant damages to plaintiff for the loss and use of the vehicle and for any unnecessary repairs including failure to winterize the vehicle;

Y. Grant punitive damages to plaintiff for the unlawful taking of the vehicle and to deter defendant from engaging in this type of conduct in the future in the amount of $50,000.00; and,

Z. Grant plaintiff compensation for his expenses and cost to pursue this action.

Respectfully Submitted,

By: /s/ Robert Sharp, Jr.
Plaintiff's Attorney

Robert Sharp, Jr.
Attorney At Law
120 W. Madison Street, Suite 505
Chicago, Illinois 60602
Tel: 312-920-1745
lawofrsj@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2008, I electronically filed the above document with the Clerk of the Court using the CM / ECF system. I also certify that I will fax and / or e-mail notification of such filing(s) to all counsel and parties of record via the attached services list on April 15, 2008.

/s/ Robert Sharp, Jr.

Robert Sharp, Jr.
Attorney At Law
120 W. Madison Street, Suite 505
Chicago, Illinois 60602
Tel: 312-920-1745
lawofrsj@aol.com

**SERVICE LIST**

James C. Vlahakis
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
Tel: 312-704-3000

Shamrock Recovery, Inc.
Kevin Hession
1234 N. Cedar Road
New Lenox, Illinois 60451
Fax: 815-834-9070

Adesa Indianapolis, Inc., Morgan Russ and
Kathy Hopkins
Howard Trafman, Esq.
Patrick Norris, Esq.
Meachum & Trafman
10 S. LaSalle Street, Suite 2800
Chicago, Illinois 60603
Fax: 312-443-9282