UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| KENNETH N. THOMPSON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 08 C 68 |
| | ) | |
| CHRISTOPHER J. O'BRYANT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendants GEMB Lending, Inc. ("GEMB"), formerly known as Thor Credit Corporation, Christopher O'Bryant, Jason Crouch, Marlene Hammer, Suzanne McConnell, Diana P. Verdin, Shamrock Recovery Services, Inc., Adesa Indianapolis, Inc., Morgan Russ, and Kathy Hopkins to dismiss Plaintiff Kenneth N. Thompson ("Thompson")'s complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendants' motion is granted.

## BACKGROUND

Thompson purchased a recreational vehicle ("RV") in March 2005. The RV was repossessed in March 2006. In December 2006, Thompson filed for bankruptcy under

Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 348. The court dismissed Thompson's petition for bankruptcy in June 2007. In July 2007, Thompson prepared a five-count lawsuit, which he had not yet filed, against Defendants and faxed it to them. Just five days later, Thompson filed for bankruptcy a second time. He did not list his potential claims against Defendants on his second bankruptcy petition, which was dismissed in November 2007.

Two weeks after the dismissal of the second bankruptcy petition, Thompson filed his five-count complaint *pro se* against Defendants in the Circuit Court of Cook County, Illinois. Thompson's complaint contained the following causes of action: Count I- Conversion; Count II- Negligence; Count III- Theft; Count IV- a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* Count V- a violation of the Retail Installment Sales Act, 815 ILCS 405/25.

In January 2008, GEMB removed Thompson's complaint to this court based on his FDCPA claim. Defendants now seek to dismiss Thompson's complaint pursuant to Rule 12(b)(6).

## LEGAL STANDARD

Rule 12(b)(6) evaluates the legal sufficiency of a plaintiff's complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe

all allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pled facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To be cognizable, the factual allegations contained within a complaint must raise a claim for relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1965 (2007). A pleading need only convey enough information to allow the defendant to understand the gravamen of the complaint. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999).

A complaint's legal sufficiency is not compromised simply because it does not anticipate or otherwise preemptively address potential defenses. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). If the complaint so unmistakably establishes the presence of a defense that the suit is rendered frivolous, the affected allegations can be dismissed before a responsive pleading is filed. *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). Otherwise, it is improper to grant a motion to dismiss on the basis that an affirmative defense exists. *See Deckard v. General Motors Corp.*, 307 F.3d 556, 560 (7th Cir. 2002).

With these legal principles in mind, we consider the instant motion.

# DISCUSSION

In support of their motion, Defendants advance two arguments. First, Defendants argue that Thompson should be judicially estopped from bringing suit against Defendants now because he did not list his claims against them in his bankruptcy petitions. Second, Defendants contend that Thompson's complaint should be dismissed because his claims are legally insufficient.

In the context of a bankruptcy proceeding, the doctrine of judicial estoppel prevents a debtor from obtaining an unfair advantage by inconsistently asserting that a cause of action does not exist but later recovering on the same claim after debts have been discharged. *See Cannon-Stokes v. Potter*, 453 F.3d 446, 447 (7th Cir. 2006). Though there is no exhaustive list of factors that must be present to support the application of the doctrine, one necessary prerequisite is that a party's earlier position must be "clearly inconsistent" with the later stance. *Levinson v. United States*, 969 F.2d 260, 264 (7th Cir. 1992).

Initially, we note that judicial estoppel is an affirmative defense. Fed. R. Civ. P. 8(c). Consequently, a plaintiff is not required to assert its absence in order to state a legally cognizable claim. *See Xechem*, 372 F.3d at 901 (7th Cir. 2004). Defendants argue that the complaint, in conjunction with bankruptcy records of which we take

judicial notice,[1] unmistakably establishes the defense, thus making it a permissible basis for a Rule 12(b)(6) dismissal. *See Walker*, 288 F.3d at 1009-10.

Defendants cite *Cannon-Stokes* in support of their position. In *Cannon-Stokes*, the plaintiff brought a disability discrimination claim against her employer. 453 F.3d at 447. While her discrimination claim was pending at the administrative level, she filed for Chapter 7 bankruptcy.[2] *Id.* Her schedule of assets contained no mention of her claim against her employer, and she was ultimately relieved of $98,000 of debt. *Id.* After the bankruptcy case concluded, the plaintiff brought suit in federal court on her disability claim. *Id.* The court viewed the plaintiff as attempting to obtain the benefit of debt discharge by failing to disclose a known legal claim and then later attempting to collect on the same claim. *Id.* at 449. Perceiving this to be a deliberate deception of creditors and the judicial system, the court refused to allow the debtor to pursue her suit. *Id.*

---

[1] Fed. R. Evid. 201(d) mandates that a court take judicial notice of adjudicative facts when a party requests that it do so and supplies the court with the necessary information. Here, Defendants have both requested that we take judicial notice of Thompson's bankruptcy proceedings and supplied us with the necessary documentation to establish the facts upon which their argument relies.

[2] The Seventh Circuit in *Becker v. Verizon North, Inc.*, 2007 WL 1224039, *1 (Apr. 25, 2007) held that *Cannon-Stokes* applies to Chapter 13 proceedings as well as Chapter 7 proceedings. Defendants have stated that they will ask the Seventh Circuit to publish this opinion pursuant to Circuit Rule 32.1(c).

Thompson does not dispute that in response to line 21 of schedule B, which asked him to describe any contingent claims, unliquidated claims, or setoff claims, he indicated "none." He does argue that the instant matter is factually distinguishable from *Cannon-Stokes* because he informed the bankruptcy court of his claims, albeit in the wrong place, against Defendants. In support of this argument, Thompson cites his responses to line 25 of his amended schedule B form and to his amended schedule D form.

Line 25 of Thompson's amended schedule B form requested that he list his vehicular assets. In response, Thompson indicated that his RV, which had a value of $19,000, would be "surrendered to lender after resolution with l[ie]n holder for ($6611.64) in theft/damage due to repossession." Putting aside the fact that Thompson provided this information in response to the vehicular assets section of the bankruptcy petition and not the section where he was supposed to list his potential claims against Defendants, the only thing this disclosure made clear was that Thompson was in possession of an RV with a balance of $12,388.62 ($19,000-$6,611.64) outstanding and that he planned to return it to his lender. Furthermore, contrary to Thompson's view, this response definitely did not make clear that he had a conversion claim, a negligence claim, a theft claim, a FDCPA claim, or a Retail Installment Sales Act claim against Defendants.

The same is true for Thompson's responses in his amended schedule D forms. Those forms requested Thompson to list his creditors, the date of their claim, nature of their lien, and description and value of the property subject to the lien. In response, Thompson stated the following with regard to GEMB: "[RV] that was damaged/theft ($6611.64) due to repossession waiting final resolution and credit from lender prior to surrendering vehicle." For the same reasons mentioned above, we do not believe that this disclosure properly alerted the bankruptcy court to Thompson's current claims against Defendants.

Moreover, we disagree with Thompson that his case is factually distinguishable from *Cannon-Stokes*. Like the plaintiff in *Cannon-Stokes*, Thompson was required to list "any valuable legal claims ('contingent and unliquidated claims of every nature', the schedule calls them, leaving no room for quibbles)." *Id.* at 447. His contention to the contrary (that he was not required to do so because he had not yet filed suit against Defendants but rather had been trying to settle his dispute with Defendants without doing so) is undermined by the fact that Thompson had prepared a five-count lawsuit against Defendants before he filed for bankruptcy the second time and filed suit in the Circuit Court of Cook County just weeks after the bankruptcy court dismissed his second bankruptcy petition.

Based on these facts, it is clear that Thompson knew that his potential claims against Defendants on his second bankruptcy petition existed but failed to list them on his bankruptcy petition. As such, Thompson, like the plaintiff in *Cannon-Stokes*, cannot now recover on those claims he concealed during his bankruptcy. *Id.* at 447-48. We find that dismissal is appropriate in the instant case because Defendants demonstrated the necessary facts to establish the defense of judicial estoppel. Having already found sufficient grounds to dismiss Thompson's complaint, we will not address Defendants' other arguments.

## CONCLUSION

For the foregoing reasons, Defendants' motion is granted.

Charles P. Kocoras
United States District Judge

Dated:   April 30, 2008