CH

RECEIVED

JUN 03 2008
Jun 03 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETHTHOMWSON | ) | |
| Plaintiff, | ) | Case No. 08 CV 00068 |
| | ) | |
| | ) | Hon. Judge Charles P. Kocoras |
| | ) | |
| | ) | |
| CHRISTOPHERJ. O'BRYANT, et aI, | ) | |
| | ) | |
| Defendants. | ) | |

MOTION FOR RECONSIDERATION

NOW Comes the Plaintiff, Kenneth Thompson, acting pro se and moves this Honorable Court, pursuant to the Federal Rules of Civil Procedure to reconsider it's Memorandum Opinion filed on April 30, 2008, which denied Plaintiff s request for relief. In support of this motion, pro se Plaintiff states as follows:

1. In its Opinion, the Court relies on a mistake of fact by stating, that in July 2007, Plaintiff prepared a five-count lawsuit, which he had not yet filed against defendant's and faxed it to them. The Court further states, that five days later, plaintiff filed for bankruptcy a second time and failed to mention his potential claims against the defendant's in his bankruptcy petition. Additionally the court stated, "Planmtiffs/he contention to the contrary is undermined by the fact that Thompson had prepared a five count lawsuit against Defendants before he filed for Bankruptcy the second time and filed suit in before he filed bankruptcy a second time..."

2. However, in Plaintiff's state court complaint which was removed to federal district court, reference is made to the five-count complaint in Plaintiffs Exhibit No.4 which indicates that the referenced five-count lawsuit was prepared and faxed to the defendants in July 2006, not July 2007, as stated on page 2 of the Court's Opinion. This July 2006 complaint became a moot issue because after the defendants received an unfilled complaint on the (815 ILCS 405/26) (from Ch. 121 1/2, par. 526, defendants then released Plaintiffs RV in August 2006.

3. Lastly, the Court should reconsider it's opinion in light of the fact that the policy considerations which justify judicial estoppel in these particular cases does not apply to the Plaintiff. Listing a potential claim on the wrong line of one's bankruptcy schedule is not a deliberate attempt

at deceiving ones creditors or the judicial system as stated in *Cannon-Stokes* v. *Potter*, 453 *F 3d* 446, 449 *(7'h Cir. 2006). In support thierof:*

a. *In the Cannon Stokes case "Her schedule of assets contained no mention of her claim against her employer, and she was ultimately relived of 98k in debt via a dischcharge"*

b. Plaintiffs Bankruptcy was not confirmed, Plaintiff had no debts that were discharged, and Plaintiff's case was actually dismissed.

c. At all the times prior to the Plaintiffs bankruptcy/s he was in possession of the RV (collateral) and no claim existed.

4. Plaintiffs efforts to be honest and comply with bankruptcy laws are revealed through plaintiffs recorded 341 meeting that plaintiff did not have available prior to this court's order of dismissal. **There was full disclosure by Plaintiff during Plaintiff's 341 meeting of creditors to the Trustees (Glen Sterns) see transcripts 24 minutes and 38 seconds into the 341 meeting ending 29 minutes and 15 seconds. As a result of a 4 minute and 37 second conversation about the GE Dispute Plaintiff complied with the request and instructions the trustee (see transcripts of 341 meeting that lasted a total of 39 minutes and 22 seconds).**

WHEREFORE, for the aforementioned reasons, the Plaintiff respectfully requests that this Honorable Court reconsider its April 30, 2008 ruling in favor of the plaintiff.

Respectfully Submitted,

Kenneth Thompson/Pro se

Kenneth Thompson
6644 Maple Court
Monee, IL., 60449
Tel: 708/746-5162
Fax: 708/746-5163