**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KENNETH N. THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 00068 |
| v. | ) | |
| | ) | Judge Kocoras |
| CHRISTOPHER J. O'BRYANT, et al., | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT GEMB LENDING INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S PRO SE MOTION TO RECONSIDER**

Defendant, GEMB LENDING Inc., by and through its attorney, James C. Vlahakis, and submits the following as its Response in Opposition to Plaintiff's Pro Se Motion to Reconsider:

**I. Introduction**

1. Thirty four (34) days after this Court entered judgment against him, Plaintiff has moved this Court to reconsider its opinion. Plaintiff's Motion is a perfect example of why courts have routinely held that "opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Inds., Inc.,* 123 F.R.D. 282, 288 (N.D. Ill. 1988). As discussed below, Plaintiff's Motion "reflect[s] a fundamental misunderstanding of the limited appropriateness of motions for reconsideration." *Id.*

**II. Plaintiff's Motion is Governed by FRCP 60(b)**

2. Judgment was entered on the civil docket on May 30, 2008. Dkt. no. 27. A motion to reconsider to alter or amend judgment must be brought within ten (10) days after the entry of judgment, excluding weekends and holidays. *See* FRCP 59(e); FRCP 6(a). Plaintiff's pro se motion to reconsider was not filed within ten (10) days, but *thirty four (34) days after the entry of judgment.*

3. When a motion to alter or amend a judgment is filed more than 10 days after entry of a judgment, it "automatically becomes a Rule 60(b) motion." *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 762 (7th Cir. 2001) (citations omitted). Plaintiff's motion fails to meet the standards of FRCP 60(b).

**III. Alternatively, Plaintiff's Motion is Without Merit**

4. Rule 60(b) provides that a district court

> may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

This Court should summarily deny Plaintiffs Motion because it raises none of the grounds enumerated in Rule 60(b) for vacating the judgment.

5. Plaintiff's first argument is that this Court made a "mistake" by stating that he prepared a draft lawsuit in July 2007 (rather than in July 2006). *See* Plaintiff's Motion, ¶¶ 1-2. This argument is somewhat bizarre because the fact that Plaintiff prepared a lawsuit in 2006 only makes him look worse with regard to the fact that he failed to specifically identify any of his particular counts on line 21 of his ***two*** bankruptcy schedules. This Court referred to the draft being prepared between the two bankruptcies. Since Plaintiff drafted the complaint in July of 2006, he has

absolutely no excuse for failing to include the particular claims on line 21 of his two bankruptcy schedules which we submitted *after* he prepare the draft complaint.[1]

6. Plaintiff's second argument is that he did not deliberately mislead the bankruptcy court. *See* Plaintiff's Motion, ¶ 3. This argument should be rejected as it is axiomatic that motions to reconsider "are not at the disposal of parties who want to rehash old arguments." *In re Oil Spill by Amoco Cadiz,* 794 F.Supp. 261, 267 (N.D. Ill. 1992). Plaintiff has simply rehashed his counsel's prior attempt to distinguish *Cannon-Stokes v. Potter*, 453 F.3d 446 (7th Cir. 2006) which holds that "a debtor in bankruptcy who denies owning an asset, including a chose [sic] in action or other legal claim, cannot realize on that concealed asset after the bankruptcy ends." *Id.* at 448.

7. Plaintiff's argument that "[l]isting a potential claim on the wrong line of [my] bankruptcy schedule is not a deliberate attempt at deceiving ones [sic] creditors or the judicial system" misses the mark – Plaintiff did not specifically identify <u>any</u> of his counts (statutory or common law) in any item of his schedules which were otherwise contained in his draft and filed complaints. Just as his counsel's attempts to distinguish *Cannon-Stokes* failed, so should Plaintiff's.

8. Plaintiff's third argument relates to bankruptcy proceeding transcripts which he claims he "did not have available prior to this Court's order of dismissal" *See* paragraph 4 of his Motion. This argument is without merit as Rule 60(b) specifically provides that a court may relieve a party of a judgment on the basis of "*newly discovered* evidence which by due diligence *could not have been discovered in*

---

[1] Further, contrary to Plaintiff's argument "[t]his July 2006 complaint became a moot issue because after defendants received an unfilled complaint . . . defendants then released Plaintiff's RV in August 2006." *See* Plaintiff's Motion, ¶ 2. Again, this only serves to underscore that Plaintiff had all the necessary knowledge to properly identify all of his claims/counts on line 21 of his schedules in his two bankruptcies.

*time to move for a new trial under Rule 59(b).*" (Emphasis supplied). A motion to reconsider does not allow "a party to undo its own procedural failures [or] to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir.1996) (citation omitted). *See also, Popovits v. Circuit City Stores,* 185 F.3d 726, 730 (7th Cir.1999) (litigants may not use a motion to reconsider as a vehicle "to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment."). Here, the transcript is simply not "newly discovered evidence" given the fact that the underlying hearing pre-dated Defendant's Motion to Dismiss.

9. Aside from the fact that Plaintiff has failed to provide the undersigned counsel (or apparently this Court) with a copy of the alleged transcript, Plaintiff's Motion should be denied because the proceeding(s) to which he cites to took place *before* Defendant moved to dismiss and he should have submitted copies of the alleged transcripts when his lawyer responded to Defendants' Motion to Dismiss. Plaintiff never sought additional time during briefing to obtain and submit a copy of this transcript and there is no reason cited why he did not obtain a transcript within the time provided by FRCP 59(e).

10. Further, this argument must fail because the submission of this so-called evidence would not "produce a different result" with regard to Defendant's Motion to Dismiss. *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 736 (7th Cir. 1999) ("in order to have a successful Rule 60(b)(2) motion, Jones had to prove that the newly discovered evidence 'is such that a new trial would probably produce a new result.'").[2]

---

[2] Even if Plaintiff had cited to the transcript in his original response to the Motion to Dismiss, it would not change a thing – he was required to identify all potential claims on line

## IV. Conclusion

11. "Some litigants refuse to accept defeat . . . at some point, our solicitous treatment of pro set litigants must be trumped by our concern with the rights of Defendants to be free of scandalous, repetitive, baseless claims that undoubtedly drain their financial and emotional resources." *Sato v. Plunkett*, 154 F.R.D. 189, 192 (N.D. Ill. 1994) (Easterbrook, Circuit Judge, sitting by designation). Any person who unreasonably and vexatiously multiplies the proceedings in any case may be required by the court "to satisfy personally the excess costs, expenses and attorneys' fees incurred because of such conduct." 28 U.S.C. §1927. *See, also, Alexander v. United States*, 121 F.3d 312, 316 (7th Cir. 1997) (affirming sanctions against pro se plaintiff).

12. Here, Plaintiff has filed a pro se Motion to Reconsider which is totally without merit. Section § 1927 sanctions are warranted under these circumstances.

WHEREFORE, this Honorable Court should deny Plaintiff's Motion and award Defendant the costs of responding to his motion.

Respectfully submitted,

s/James C. Vlahakis
HINSHAW & CULBERTSON LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000
jvlahakis@hishawlaw.com

Counsel for Defendant, GEMB LENDING Inc.

---

21 of his schedules, and reliance on what the trustee may have said does not get him off the hook, just as reliance on advice of counsel did not save the plaintiff in *Cannon-Stokes*. 453 F.3d at 448-49.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2008, I electronically filed the above document with the Clerk of the Court using the CM/ECF system. I also certify that I will fax and/or e-mail notification of such filing(s) to all counsel and parties of record via the attached service list on June 6, 2008.

**SERVICE LIST**

**Kenneth Thompson**
6644 Maple Court
Monee, Illinois 60449
kenthompson@eliteosi.com

Robert Sharp, Jr. Esq.
The Sharp Law Offices, P.C.
180 North LaSalle Street
Suite 1916
Chicago, IL 60601
(312) 596-0283
lawofrsj@aol.com

**Shamrock Recovery, Inc.**
Kevin Hession
1234 N. Cedar Road
New Lenox, Illinois 60451
Fax: (815) 834-9070

**Adesa Indianapolis, Inc., Morgan Russ and Kathy Hopkins**
Patrick Norris, Esq.
Meachum & Trafman
10 S. LaSalle Suite 2800
Chicago, IL 60603
Fax: (312)443-9282

s/James C. Vlahakis
James C. Vlahakis
HINSHAW & CULBERTSON LLP
222 North LaSalle, Suite 300
Chicago, Illinois 60601
tel: 312-704-3000
fax: 312-704-3001
jvlahakis@hinshawlaw.com