UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 08 C 68 |
| | ) | |
| CHRISTOPHER J. O'BRYANT, et al, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Plaintiff Kenneth Thompson to reconsider our decision to dismiss his case. For the following reasons, Thompson's motion is denied.

## BACKGROUND

We dismissed Thompson's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on April 30, 2008. Thompson was pursuing claims against Defendants GEMB Lending, Inc., formerly known as Thor Credit Corporation, Christopher O'Bryant, Jason Crouch, Marlene Hammer, Suzanne McConnell, Diana Verdin, Shamrock Recovery Services, Inc., Adesa Indianapolis, Inc., Morgan Russ, and Kathy Hopkins related to the purchase and financing of a recreational vehicle

("RV"). We concluded that he was not entitled to pursue his suit because he had not listed his claims against Defendants on a bankruptcy petition filed in 2006. The decision was based upon the doctrine of judicial estoppel, which prevents a former debtor in bankruptcy from asserting a previously existing claim that he did not list as an asset on his bankruptcy petition. *See Cannon-Stokes v. Potter*, 453 F.3d 446, 447 (7th Cir. 2006).

## LEGAL STANDARD

Even though the Federal Rules of Civil Procedure do not officially recognize a pleading called "motion to reconsider," courts generally construe such requests as being brought under Rule 59(e) or under Rule 60(b). *Walker v. Abbott Laboratories*, 340 F.3d 471, 475 (7th Cir. 2003). All motions to reconsider filed within 10 days of the entry of judgment are treated as Rule 59(e) motions. *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Motions filed more than 10 days after entry of judgment, as in this case, are treated as Rule 60(b) motions. *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994).

Relief under Rule 60(b) is "an extraordinary remedy that is to be granted only in exceptional circumstances." *Provident Savings Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995). A district court may, in its sound discretion, grant relief under a Rule

60(b) motion for reconsideration for a number of reasons, including "mistake, inadvertence, surprise, or excusable neglect; fraud, misrepresentation or other misconduct by an adverse party; or for any other reason justifying relief from judgment." *Tobel v. City of Hammond*, 94 F.3d 360, 361 (7th Cir. 1996). Relief under Rule 60(b), however, is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994).

## DISCUSSION

Thompson raises three arguments in support of his motion. First, he contends that he prepared a draft of his unfiled lawsuit in July 2006, not July 2007 as our opinion stated, and that his claims in his July 2006 unfiled lawsuit were different than those in his most recent cause of action.

While Thompson is correct that the record indicates that he prepared his unfiled lawsuit against Defendants in July 2006, not in July 2007, this "mistake" does not establish that our underlying judgment was unjust. *See Popovich*, 71 F.3d at 698; *Dickerson*, 32 F.3d at 1116. This is because our underlying judgment was based on the fact that Thompson knew but failed to disclose his current claims against

Defendants on his bankruptcy petition. Thompson admits that he knew about his current claims when he filed his bankruptcy petition; he attributes his failure to list them under the assets section of the petition as an unintentional mistake. Consequently, Thompson's first argument does not merit Rule 60(b) relief.

Second, Thompson argues that judicial estoppel is inapplicable to his situation. He maintains that, unlike the debtor in *Cannon-Stokes*, he was not ultimately relieved of his debt through the bankruptcy process. Thompson previously argued in his memorandum in opposition to dismissal that his case is distinguishable from *Cannon-Stokes*. Despite Thompson's argument, we found that *Cannon-Stokes* was applicable to his case.

Motions to reconsider are not the appropriate place for parties to rehash old arguments. *In re Oil Spill by Amoco Cadiz*, 794 F. Supp. 261, 267 (N.D. Ill. 1992). Since we have already considered Thompson's argument that *Cannon-Stokes* does not apply to his case, granting a Rule 60(b) motion to reconsider the same argument is not appropriate.

Moreover, *Cannon-Stokes* makes clear that "a debtor in bankruptcy is bound by her own representations." 453 F.3d at 449. This is because bankruptcy courts and creditors rely upon information provided by debtors to resolve bankruptcies. *Id.* The

doctrine of judicial estoppel is designed to prevent debtors from collecting on claims which they knew about and failed to list on their bankruptcy petitions. *Id.* at 448. This can only be accomplished by requiring debtors to be complete and accurate in their representations regardless of whether their debts are ultimately discharged or not. *Id.* Consequently, Thompson's argument cannot prevail.

Third, Thompson argues that he did not have access to the bankruptcy proceeding transcripts prior to our order of dismissal and that the transcripts demonstrate that he was honest and attempted to comply with the bankruptcy laws.

A Rule 60(b) motion is not an appropriate vehicle for raising arguments which could have been raised before judgment was entered. *See Sokol Crystal Products, Inc. v. D.S.C. Communications Corp.*, 15 F.3d 1427, 1434 (7th Cir. 1994). Rule 60(b) only allows us to relieve a party of a judgment on the basis of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Based on Thompson's representations, it is apparent that he was present at the hearing and knew what transpired there. As a result, it is clear that the hearing transcripts did not provide Thompson with previously unknown information. Consequently, the hearing transcripts do not constitute newly discovered evidence. *Id.*

## CONCLUSION

For the foregoing reasons, the motion to reconsider the April 30, 2008, dismissal is denied.

/s/ Charles P. Kocoras
_____
Charles P. Kocoras
United States District Judge

Dated:   June 24, 2008